In the Matter of the Petition of OSCAR D. BARKER and Others, Petitioners, for an Order of Certiorari against ROBERT BOETTGER, as Chairman, and Others, Respondents.

Supreme Court, Westchester County, July 25, 1924.

**Municipal corporations — zoning ordinance of city of Yonkers — permit to erect garage in connection with apartment house — lot on which proposed garage is to be built is divided by boundary line between business and residential districts — said garage will hold one hundred automobiles — general ordinance No. 4 prohibits erection of garage in residential district for more than three automobiles — under general ordinance No. 4 § 21, board of appeals had power to permit garage to extend twenty-five feet into residential district — entrance may be constructed through court of apartment house — entrance must be limited to use by tenants of apartment house — informality in resolution by board of appeals not fatal.**

The board of appeals of the city of Yonkers had power to permit the erection of a garage in connection with an apartment house on a lot which is divided by the boundary line between the business and residential districts, which garage will extend twenty-five feet into the residential district, though said garage will contain space for one hundred automobiles which will be kept there by tenants

of the apartment house, for, while general ordinance No. 4 prohibits the erection of a garage in the residential district with a capacity for more than three automobiles, still under section 21 of the zoning ordinance the board of appeals has the power where a lot is divided by a boundary line between the residential and business districts to permit a garage, which could not be erected in the residential district, to be erected on and over the boundary line provided it does not extend more than twenty-five feet into the residential district.

The board of appeals had power also to permit the construction of an entrance to the garage from the court yard of the apartment house in connection with which it was erected, but the use of said entrance must be limited to those who occupy the apartment house.

An informality in the resolution passed by the board of appeals is not fatal, since the resolution was unanimously adopted and the error corrected as soon as it was discovered.

CERTIORARI to review the decision of the board of appeals of the city of Yonkers, upon the appeal of certain property owners from the decision of the building inspector, reversing the decision of said inspector and granting the petition of said owners permitting the building of a garage on Palisade avenue under and pursuant to the provisions of the zoning ordinances of the city of Yonkers.

*R. E. & A. J. Prime,* for the petitioners.

*Daniel J. Cashin, Corporation Counsel,* for the zoning board.

*Walter B. J. Mitchell,* for the defendants Quick, Harris and Johnson.

SEEGER, J.:

The facts are stated in detail in the petition and return.

The property in question is situated between Locust Hill avenue and Palisade avenue. The owners are engaged in the erection of a large apartment house containing one hundred apartments upon Locust Hill avenue, a residential street, and a two-story garage upon the Palisade avenue side of the lot, planned to accommodate one hundred automobiles, thirty-five upon the first floor, which is to be a public garage with entrance upon Palisade avenue, and sixty-five upon the second floor, and said to be intended to accommodate only the tenants of the apartment house, with entrance from the court yard of the apartment house by means of a ramp, the floor of the garage being considerably lower than the said court yard.

The said garage is to be located partly in a business district and extending over into an adjacent residential district as defined by general ordinance No. 4 of said city of Yonkers, the lot upon which said apartment house and said garage are proposed to be erected being located in both said districts.

By general ordinance No. 4, hereinbefore referred to, the city is

divided into four classes of districts: (1) Residence districts; (2) business districts; (3) industrial districts, and (4) heavy industrial districts. No building shall be erected or premises used for any purpose other than a purpose permitted in the use district in which such building or premises is located, and in residence districts a garage or a group of garages for more than three motor vehicles shall not be permitted as an accessory use.

In a business district no garage or group of garages shall be erected for more than five cars, except after a public hearing as provided in section 21.

On April 14, 1924, the building inspector denied the application for the permit to erect the proposed garage. An appeal was taken on behalf of the owners from this decision to the board of appeals. Notice of hearing was given and a hearing was had before the board of appeals on April 22, 1924, and after hearing the appellants and the objections of the petitioners, the matter was taken under advisement by the board of appeals, and on April 29, 1924, the building inspector was notified of a decision by the board sustaining the appeal, granting the application, and directing him to grant said permit.

The petitioners specify the following grounds as basis of their claim of illegality, to wit:

" (1) Said decision and action of said Board of Appeals is null and void in that no resolution finally disposing of said appeal and reversing or modifying the determination appealed from was ever adopted by said board, or received four votes in favor of the Appellants, or was entered on the minutes of its proceedings showing the vote of each member thereon as required by said General Ordinance No. 4.

" (2) Said decision and action of said Board of Appeals is further illegal and beyond their power or jurisdiction in that, contrary to the provisions of subdivision 9 of Section 3 of Article 2 of General Ordinance No. 4, it purports to authorize as an accessory use in connection with a building or buildings on said premises No. 40 Locust Hill Avenue which is within a residence district a garage for more than three motor vehicles, to wit, a public garage for upwards of one hundred vehicles, together with a driveway and artificially constructed ramp by means of which alone, access to the second floor of said public garage is to be provided.

" (3) Contrary to the provisions of subdivision 5 of Section 4 of General Ordinance No. 4 it purports to authorize the construction and use partly in a business district and partly in the residence district immediately adjacent thereto of a garage for more than five cars, to-wit, a public garage for upwards of one hundred cars."

The return sets forth the proceedings of the building inspector and of the board of appeals, and among other things alleges that the meeting of said board of appeals held pursuant to notice was duly adjourned to April 28, 1924, and at said adjourned meeting the board unanimously passed the following resolution: " Upon motion, it was regularly moved and seconded that the appeal of H. Lansing Quick for Harris & Johnson to erect a public garage at No. 40 Locust Hill Avenue be granted as per revised plans," and that this resolution was entered on the minutes and proceedings of said zoning board of appeals at its adjourned meeting held on the 28th day of April, 1924; and in substance alleges that the business district extends back one hundred feet from Palisade avenue; that the proposed garage is to be built thereon and twenty-five feet beyond into the residential district; and that said board of appeals were authorized to permit the erection of such garage by the provisions of the zoning ordinances, which were quoted.

The petitioner filed traverse to the return.

The defendants moved to dismiss the petition upon the return of the writ, which motion was denied, and the issues of fact were tried by the court.

Upon such trial it was shown that there was an informality in the resolution passed by the board of appeals, and the same was not promptly recorded in the minutes, but the resolution was unanimously adopted, and when the error was discovered it was corrected.  This is merely an irregularity which could be corrected at any time by the board on its own motion or the board compelled to do so by an ordinance.  It is evident that it was the intention of the board to comply with the ordinance.  This irregularity is not sufficient to set aside the action of the board if otherwise legal.

The serious question in the case is whether the board of appeals had authority to grant a permit for the erection of a garage for more than five cars upon the lot in question, and whether it could permit this building to have an entrance from the Locust Hill avenue side of the lot.

Section 21 of the zoning ordinance provides:

" The Board of Appeals may, in a specific case, after public notice and hearing, and subject to appropriate conditions and safe-guards, determine and vary the application of the use and area district regulations herein established in harmony with their general purpose and intent as follows:

" 1. Where a use district boundary line divides a lot in a single ownership at the time of the passage of this ordinance, permit a use authorized on either portion of such a lot to extend to the

entire lot, but not more than twenty-five feet beyond the boundary line of the district in which such use is authorized. * * *

" 5. Permit in a business district the construction, extension, alteration or conversion of a building intended for the storage of motor vehicles. * * *

" 9. Adopt from time to time such regulations as may be deemed necessary to carry into effect the provisions of this ordinance.

" 10. Vary in harmony with its general purpose and intent, so that substantial justice may be done, any requirements of this ordinance where carrying out the strict letter of its provision would result in practical difficulties or unnecessary hardships."

Under the 1st subdivision above quoted the board has authority to extend any district twenty-five feet beyond the boundary line of the district where the lot was in single ownership at the time of the passage of the ordinance, which is the fact in this case, and to permit " a use authorized on either portion " of such a lot to extend to the entire lot, but not more than " twenty-five feet beyond the boundary line of the district in which such use is authorized." And subdivision 5 " Permit in a business district the construction * * * of a building intended for the storage of motor vehicles."

And in the following section we find express authority for the erection of a garage or group of garages for more than five cars:

" Section 4.   Business districts.   In a business district no building or premises shall be used, and no building shall be erected which is arranged, intended or designed to be used for any of the following specified trades, industries or uses:

" 1. Bag cleaning establishment.

" 2. Blacksmith shop or horseshoeing establishment.

" 3. Car barns.

" 4. Coal or lumber yard.

" 5. Garage or group of garages for more than five cars, except after a public hearing as provided in Section 21.

" 6. Milk bottling or distributing station.

" 7. Storage or baling of scrap paper, rags or junk.

" 8. Any kind of manufacturing other than the manufacture of products sold at retail on the premises to the ultimate consumer.

" 9. Any trade, industry or use prohibited by Section 5 in an industrial district.

" No use permitted in a residence district by Section 2 shall be excluded from a business district."

It is to be regretted that the peace and quiet of this old residential neighborhood should be disturbed by automobiles, but no matter how great a nuisance automobiles and apartment houses may be,

30

they have come to provide a means to solve the great question of housing and traffic, and in congested communities it is a great problem to find places for the erection of buildings for the storage of these useful but annoying vehicles. By its zoning ordinance the city of Yonkers has attempted to solve this problem.

I am of the opinion that the board of appeals had authority to grant the permit for the erection of the garage in question. I can find nothing to prevent the granting of permission to construct an entrance from the court yard of the apartment house. In fact the use of this door saves the necessity of the automobile passing both in and out every time a passenger goes to or leaves the building as it would of necessity do if it could not use this private entrance. The permit, however, should be upon condition that no person except an occupant of the apartment house shall be permitted to use the Locust Hill avenue entrance to the garage for ingress or egress with an automobile; that such entrance shall be for the occupants of the apartment house only.

Judgment is granted accordingly, affirming the decision of the board of appeals.

Settle findings on notice.