VILLAGE OF GREAT NECK ESTATES, Plaintiff, *v.* BEMAK & LEHMAN, INC., and Others, Defendants.

Supreme Court, Nassau County, November 23, 1926.

**Municipal corporations — zoning ordinance — permanent injunction to restrain defendants from using private driveway approaching public garage in violation of zoning ordinance of village — ordinance prohibits operation of public garage within zone restricted to residential use — defendant whose residence is within village residence zone permits owner of public garage on abutting property, but situated outside of village, to use private driveway for convenience of customers — complaint should neither be dismissed nor divided into two causes of action though it contains allegations which might be considered as surplusage — plaintiff not entitled to temporary injunction in absence of anything showing clear right to permanent injunction.**

The village of Great Neck Estates, in an action for a permanent injunction restraining the defendants from the use of a driveway approaching a public garage situated immediately outside said village in violation of a zoning ordinance which prohibits the operation of a public garage within a zone restricted to residential use, is not entitled to a temporary injunction, in the absence of anything to show a clear right to a permanent injunction, where it appears that one defendant, whose residence is within the village residence zone, permits the other defendant, who owns a public garage abutting the first defendant's property, but situated outside the village, to use the driveway over his property for the convenience of the garage owner's customers.

The fact that the complaint, after setting out the enactment of the zoning ordinance and reciting that the premises of one defendant are located in the zone restricted to private residences, and that the driveway is used for business purposes in violation of the zoning ordinance, alleges other facts tending to show the use to which the property is being put as an annoyance to others within the zone,

Supreme Court, November, 1926.          . [Vol. 128

neither warrants a dismissal of the complaint for insufficiency nor its division into two causes of action, though said allegations might be considered as surplusage.

MOTION by defendants to dismiss the complaint for failure to state facts sufficient to constitute a cause of action, and in the alternative that complaint be divided into two causes of action, and motion by plaintiff for temporary restraining order *pendente lite.*

· *Van Doren, Conklin & McNevin* [*Edward S. Bentley* of counsel], for the plaintiff.

*Erastus J. Parsons,* for the defendants Bemak & Lehman, Inc., and Bemak.

*Isadore P. Eisenberg,* for the defendant Schlosser.

HUMPHREY, J.   This action is one for a permanent injunction restraining the defendants from the use of a certain driveway approaching a public garage situated just outside the village of Great Neck Estates, as in violation of a zoning ordinance of that village.   The defendants move to dismiss the complaint of the plaintiff, because it fails to state facts sufficient to constitute a cause of action; and, if that motion should be denied, then that the complaint be divided into two causes of action, one for violation of the ordinance, and the other for the maintenance of the use of the driveway referred to, as detrimental to the health and safety of the neighborhood in which it is located.

This complaint sets out the enactment of the zoning ordinance, that it is still in effect, that the premises of the defendants Isaac J. Bemak and Josephine K. Bemak are located in the territory of the plaintiff restricted to private residences, and that the driveway is used for business purposes.   Certain other facts are also alleged, tending to show that the use to which defendants Bemak's property is put is an annoyance to others owning property in the residence zone.

These last allegations might be considered as surplusage and incident to the main cause of action upon which the plaintiff relies. Since they do not interfere with the main cause of action, defendants' motion to dismiss the complaint, as well as the motion to compel the separation thereof into two causes are both denied. Contemporaneously with the hearing of defendants' motions, plaintiff moves for a temporary restraining order against the defendants' use of the premises for the purposes alleged, pending the trial of the action.

The facts as presented on the application for an injunction are

not seriously in dispute. The defendant Murray Schlosser is the owner of a public garage situated entirely outside the village. The defendants Isaac J. Bemak and Josephine K. Bemak are the owners of, and occupy as a private residence, property within the village of Great Neck Estates, which abuts the rear of the garage operated by the defendant Murray Schlosser. Prior to the commencement of this action the defendants Bemak maintained upon the rear of the premises occupied by them as a residence a private one-car garage.

By agreement between the defendants Bemak and the defendant Schlosser an additional entrance was made in the rear of the garage occupied by the defendant Schlosser, and permission given to the said defendant to use the driveway over the property of the defendants Bemak for the convenience of Schlosser's customers. A physical connection was made between Schlosser's garage and the Bemaks' driveway. Since the making of such agreement between the defendant Schlosser and the defendants Bemak, the customers of the defendant Schlosser have used this driveway as an additional entrance for ingress and egress.

Plaintiff asserts that the driveway is not only used for ingress and egress, but for the purpose of storing automobiles and doing repairs upon them. This is disputed by the defendants, and raises an issue of fact upon that feature of the situation. The interesting question involved is as to whether the owner of a garage located entirely outside the village may be restrained from permitting his customers to drive into his garage and out of it, over a driveway connected with a private residence in a zone within the village, which is restricted to residence uses.

The issue is also raised as to the legality of the passage of the zoning ordinance. The zoning ordinances of municipalities are of recent origin. Their legality has repeatedly been upheld, so that there is no longer any question as to the right of municipalities to enact and enforce such ordinances.

The main question here involved, however, has not, as far as I have been able to discover, been directly passed upon. The case of *Matter of Barker* v. *Boettger* (124 Misc. 461) involved the right to erect a garage partly upon property in one zone and partly upon property in another. The court permitted its erection in that manner, but restricted its use to the occupants of a certain apartment house with which it was connected.

In my judgment, plaintiff's right to the ultimate relief it seeks is not so clear as to entitle it to a temporary restraining order pending the trial of the action.