NANCY K. BISHOP *vs.* BENJAMIN TRIPP, City Treasurer of the City of Providence.

A statute authorized assessments for sewers " made in any of the streets," etc.

*Held,* that " streets " meant " public streets," either by lay-out or by dedication and acceptance.

An assessment made for a sewer built in a private way cannot be validated by the subsequent lay-out of the way as a public street.

A sewer was ordered in a private way. Before the sewer was built, the way was laid out as a public street.

*Held,* that the assessment for this sewer was valid.

Lots within the city limits, near the compact part of the city, with houses around them, though not in their immediate vicinity, must, for purposes of sewer assessment, be regarded as city lots, not as agricultural lands.

Under Pub. Laws R. I. cap. 313, of March 28, 1873; cap. 549, of April 2, 1876 ; cap. 635, of May 31, 1877, if any part of an estate abuts on a sewered street, all the estate within the statutory limits is liable to an assessment on its area.

Sewer assessments, like other assessments for benefits, are a kind of tax, and as such subject to the revision of a court, not of a jury.

Article 1, § 15, of the Constitution of Rhode Island, in declaring that the right of trial by jury shall remain inviolate, conserves the right, does not extend it.

*Cleveland* v. *Tripp,* 13 R. I. 50, affirmed.

ASSUMPSIT. Heard by the court, jury trial being waived. The statutory provisions considered in the opinion are given in a note at its end.

*February* 19, 1887. PER CURIAM. This is an action to recover divers sums of money paid by the plaintiff, under protest, for certain sewer assessments which she claims to have been illegal. The action is tried to the court upon an agreed statement of facts, supplemented by oral testimony and a view.

The first claim is for the sum of $529.46, assessed for a sewer constructed in Blackstone Street, so called. At the time the sewer was ordered to be constructed, the part of Blackstone Street, so called, where it was made, existed only by delineation on a plat. It had never been opened, or used as a public street. After the completion of the sewer, that part was laid out as a public street, but has never been opened to public travel, and is in fact unfit to be used for travel. The assessment was made after the lay-out. It was made under Pub. Laws R. I. cap. 313, § 4, of March 28, 1873, which authorizes assessments for sewers constructed under the provisions of Pub. Laws R. I. cap. 807, of March 24, 1869. Cap. 807 authorizes the construction of sewers only in streets, which we think must be considered to mean public streets which have become such either by lay-out or by dedication and acceptance. The assessment under cap. 313, § 4, was therefore illegal and void, inasmuch as it was for a sewer not constructed in a public street, unless it can be held to have been validated by the subsequent lay-out. We know of no principle upon which such lay-out can be held to have operated as a validation. The sewer might legally have been constructed in private lands at the time this sewer was constructed, under Pub. Laws R. I. cap. 993, of April 26, 1872, but the procedure is different, and not to any extent within cap. 313. The plaintiff is, therefore, entitled to recover on this claim.

The second claim is for $2,400.48, assessed for a sewer laid in Pearl Street. The ground upon which this assessment is claimed to be illegal is that the lots assessed were not city but suburban lots. In *Cleveland* v. *Tripp,* 13 R. I. 50, 61, it was stated that, according to authority, an assessment by front foot for a street improvement, extended to rural or farm lands, was so plainly unfair or extortionate that it could not be sustained. If the lands so assessed were rural lots or farm lands, the assessment cannot be sustained. The lots are within the city limits, near the compact

part of the city, with houses around them, though immediately around them there is a vacant area. The lots are laid out as city lots for building purposes, and are evidently held for sale as city lots, and not for agricultural purposes. We think that they must be regarded rather as city lots than as rural lots or farm lands, and that the assessment was therefore valid.

The third claim is for $356.18, assessed for a sewer in Mumford Street. The ground of the claim is that the sewer was ordered, begun, and finished nine years before this street was laid out as a public street. We think, however, that Mumford Street may have been a public street when the sewer was constructed, though it was not laid out as such until nine years afterwards, inasmuch as it may have been a public street by dedication and acceptance. when the sewer was laid. There is nothing in the statute, authorizing the construction of sewers in streets, which confines the construction to streets which have been laid out under the statutes. The burden of showing that the sewer was illegal is upon the plaintiff. We do not think she has shown it. This claim must, therefore, be disallowed.

The fourth claim is for $913.96, assessed for a sewer laid in Dudley Street. One ground of claim is that the sewer was ordered to be constructed two months before the portion of the street in which it was constructed was laid out and received as a public street. The sewer, however, was not actually constructed until after such portion was so laid out and received, and in this respect it differs from the sewer in Blackstone Street, which was both ordered and constructed before the lay-out. The Board of Public Works is authorized to assess for sewers constructed in public streets. We think, therefore, that this assessment was not invalid simply because it was ordered before the lay-out, inasmuch as before the construction the portion of the street where it was constructed became a public street. The order may have been made in contemplation of making this portion of the street a public street. Still another ground of claim is that only a portion of the land assessed abuts upon the street, the rest of the land being divided from the street by the land of another person, though within one hundred and fifty feet of the street. We think the correct construction of the several statutes relating to the subject,

Public Laws R. I. cap. 313, § 4, of March 28, 1873 ; cap. 549, § 1, of April 20, 1876 ; cap. 635, § 1, of May 31, 1877, is, that the entire estate, in so far as it lies within the area of assessment, is subject to assessment if any portion of it abuts upon the street where the sewer is laid, though of course only the abutting portion is subject to assessment for frontage. Under this construction the assessment was valid. We do not think that separate lots can be regarded as separate estates because they were separately assessed for convenience by the Board of Public Works ; for, though so assessed, the results were added up into a single total. This claim must, therefore, be disallowed.

The plaintiff contends that the assessments were all unconstitutional and void because they were made by a fixed rule to be applied in all cases, and not in proportion to the benefits received. In *Cleveland* v. *Tripp*, 13 R. I. 50, we fully considered this objection, and sustained similar assessments. We are not convinced that it is our duty to reverse the decision then made.

The plaintiff also contends that the statutes authorizing the assessments are void because they do not give the assessed the right of appeal, with trial by jury, and are therefore in conflict with the Constitution of the State, article 1, § 15, which declares that the right of trial by jury shall remain inviolate. Assessments for benefits have always been regarded in this State, and, so far as we know, in other states, as a species of taxation ; and though tax assessments were before, and have been since, the adoption of the Constitution, subject to revision in the courts, they have never, to our knowledge, been subject to revision by jury trial. *Crandall* v. *James*, 6 R. I. 144. Therefore we do not think the statutes are obnoxious to this objection. The Constitution requires simply the conservation, not an extension, of the right of jury trial. It does not appear that the statute 23 Henry VIII., cited by the plaintiff to this point, was ever in force in this State. It is not one of the statutes which were declared to be in force by the General Assembly by the Act of 1749.

*Judgment for plaintiff for* $721.28 *and costs.*

*Amasa M. Eaton & Herbert Almy*, for plaintiff.

*Nicholas Van Slyck*, City Solicitor, for defendant.

NOTE. — The statutory provisions referred to in the above opinion are as follows : —

Cap. 807, of March 24, 1869: —

" SECT. 1. The board of aldermen of the cities of Providence and Newport, respectively, are hereby authorized at any time when thereto requested by the city council of said cities, and not othewise, to lay and make main drains or common sewers in any 'of the streets of their respective cities; not exceeding three quarters of the expense of making such drains or common sewers, to be determined by the board of aldermen, shall be paid by the persons who enter their particular drain into such main sewer, or who, by more remote means, receive benefit thereby for draining their cellars or lands, to be ascertained and assessed upon the parties so benefited, in such proportion as shall be determined by a majority of three discreet and disinterested persons, who shall be appointed for that purpose by said board of aldermen, and the residue thereof shall be paid by the city in which such drain or sewer is made.

" SECT. 2. Assessments so made shall constitute a lien on the real estate assessed, for one year after they are laid, and may, together with incidental costs and expenses, be levied by sale thereof, if the assessment is not paid within three months after a written demand for payment made by said board of aldermen either upon the person assessed, or upon any person occupying the estate; such sale to be conducted in like manner as sales for the non-payment of taxes.

" SECT. 3. Said commissioners shall make a full report of all said assessments to said board of aldermen, who shall cause written notice to be given to all persons against whom assessments shall have been made; and any person aggrieved by said assessments may, at any time within thirty days after receiving notice as aforesaid, appeal to the next term of the Court of Common Pleas to be holden in the county for civil business, giving bond to said city to prosecute his appeal, and producing a copy of the whole proceedings to such court, and filing his reasons of appeal with the clerk of said court ten days before the sitting thereof.

" SECT. 4. In case the party so appealing shall fail to obtain a reduction of the assessment appealed from, he shall be liable to said city for all the costs upon said appeal ; and in case his assessment is reduced or abated in the court appealed to, he shall recover costs against such city."

Cap. 993, of April 26, 1872 :—

" SECT. 1. The board of aldermen of the city of Providence, when thereto requested by the city council of said city, but not otherwise, may lay, make, and maintain all such main drains or common sewers as said city council shall adjudge to be necessary for the public convenience or the public health, through the lands of any person, and may repair the same whenever repairs thereof shall be necessary ; and all main drains and common sewers so laid shall be the property of said city.

" SECT. 2. When any lands shall be taken by virtue of this act, the proceedings shall be the same in all respects as is provided in chapter 43 of the Revised Statutes in relation to highways laid out by town councils.

" SECT. 3. The expense of making such main drains or common sewers shall

be paid as provided in chapters 807 and 931 of the statutes, and all the provisions of said chapters shall apply to main drains and common sewers constructed under the provisions of this act.

" SECT. 4. All acts and parts of acts inconsistent with the provisions of this act are hereby repealed.

" SECT. 5. This act shall take effect from and after its passage."

Cap. 313, §§ 3, 4, of March 28, 1873 : —

" SECT. 3. The said city council may by ordinance confer upon said board all the authority conferred upon and given to said city by chapters 640 and 784 of the statutes ; also all the powers now by law vested in surveyors of highways or highway commissioners; also the power to make all assessments authorized to be made under the provisions of chapters 807 and 931 of the statutes, and of this act, for the payment of the cost of the construction of sewers already built, or which may be hereafter built, under the provisions of said chapter or this act.

" SECT. 4. All such assessments shall be made upon all estates abutting upon that portion of any street or highway in which any sewer has been or may be constructed under the provisions of said chapters and of this act, at the rate of sixty cents for each front foot of such estates upon such street or highway, and one cent for each square foot of such estates between such street or highway and a line not exceeding one hundred and fifty feet distant from and parallel with the line of such street or highway : *provided, however,* that where any estate is situated between two streets or highways, the area upon which such assessment of one cent per square foot is made shall not extend to more than one half the distance between such streets or highways ; *and provided, also,* that where any estate is situated at the corner of two streets or highways, or otherwise so situated as to be assessed for the expense of making a sewer in one of such streets or highways, that portion of such estate assessed for a sewer in one of such streets or highways shall not be liable to be assessed upon its area for the cost of constructing a sewer in the other of such streets or highways, but only for its frontage upon such street."

Cap. 549, § 1, of April 20, 1876: —

" SECT. 1. No estate or portion of estate shall be assessed for the construction of any sewer under the provisions of ' An act establishing a board of public works in the city of Providence,' or the several acts in amendment thereof, unless such estate or some portion thereof shall abut and be bounded upon the street in which said sewer shall have been constructed."

Cap. 635, § 1, of May 31, 1877 : —

" SECT. 1. No tax now assessed and unpaid for the construction of a sewer in any street upon any estate which does not, or some portion of which does not, abut or bound upon such street, shall be collected under the provisions of said chapter, or of any act in amendment thereof or in addition thereto ; and the city council is hereby authorized, by ordinance, resolution, or otherwise under such conditions as it may impose, to refund any tax assessed as aforesaid, and already paid, to the parties paying the same."