**210 A.2d 656.**

CITY OF PROVIDENCE *vs.* FIRST NATIONAL STORES, INC. *et al.*

JUNE 9, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This bill in equity was brought by the city of Providence under the provisions of G. L. 1956, §45-24-7, to enforce the city's zoning ordinance. After a hearing before a justice of the superior court on bill, answer and proof, a decree was entered granting the prayer of the bill enjoining alleged violations of the ordinance by the respondents. The cause is here on their appeal from such decree.

The controversy in this proceeding involves the legality of the use of a portion of land on a vacant lot in an "R-3 General Residence Zone."

No oral testimony was presented in the superior court. The only evidence before the trial justice were three exhibits, a copy of a lease, and certain agreed facts. The exhibits were introduced in evidence as complainant's exhibits without objection and were marked C's 1, C's 2 and C's 3 respectively. We shall refer to them as C-1, C-2 and C-3. C-1, entitled "Assessor's Plat 15 Scale 1"=40'," is a sketch of the area, including the portion of the land which is the subject matter of this appeal and, in addition, the surrounding area. This sketch also indicates by appropriate markings certain areas which are covered by asphalt pavement. C-2 is an exact duplicate of tax assessor's plat card 15, designating the zone lines of various lots thereon. C-3 is a copy of the "Zoning Ordinance of the City of Providence, Chapter 544, approved Sept. 21, 1951 as amended."

The agreed facts are as follows. The respondent Ernest E. Young is the owner of lots 33 and 460 on tax assessor's plat 15. Lot 460 on C-1 is the same as lot 66 on C-2. Lot 33 is located at the northwest corner of Butler avenue and East George street, directly opposite lot 460 and is bounded northerly by Pitman street, a public highway, easterly on Butler avenue, southerly on East George street, and westerly on other land. The latter two streets, insofar as they border on lots 33 and 460, are platted streets but not public highways. Lot 460 is located at the southwest corner of

Butler avenue and East George street. It bounds partly on East George street to the north, on Butler avenue to the east, on a railroad right-of-way to the south and on Wayland avenue to the west.

Mr. Young leased both lots to Pitman Butler, Inc., a Massachusetts corporation, hereinafter referred to as Pitman Butler. The latter erected a commercial building on a portion of lot 460 zoned commercial C-4 and by a lease dated August 27, 1962 leased the building with an adjoining parking area to First National Stores, Inc., a Massachusetts corporation, hereinafter referred to as First National. A copy of this lease was submitted to the trial justice by agreement and placed with the exhibits. It contemplates the erection of a shopping center on lot 460, the description of which in the lease includes East George street to the north of said lot. First National is operating a supermarket in the building and is using the greater portion of the remaining land on lot 460 for off-street parking. There is nothing in the evidence indicating that lot 33 is to be a part of the contemplated shopping center or that First National has been given any rights therein by the lease.

Legal access to First National and its parking area is available from Pitman street through Butler avenue and East George street, both of which have been black topped by Pitman Butler to meet the elevation of lots 33 and 460. At its own expense, Pitman Butler had the city make two 20-foot cuts in the southerly curb of Pitman street and it constructed an asphalt driveway, 45 feet in width, across lot 33 to East George street, a distance of about 200 feet. By black topping East George street, the 45-foot driveway on lot 33, and lot 460, Pitman Butler has made the elevations of said area the same.

Lot 33 is an "R-3 General Residence Zone." The permitted uses in such zone include (1) any use permitted in the "R-2 Two-Family Zone," (2) multiple dwellings, and

(3) certain specific uses allowed as special exceptions upon approval by the zoning board as provided in secs. 91 and 92 of the ordinance.

Lot 460 is zoned in part R-3 and in part C-4. The lines of the zoning districts in this area do not correspond exactly with the tax assessor's lot boundary lines. As previously stated the First National building is located on that portion of lot 460 zoned C-4. Part of the parking lot adjacent to the building is located on the R-3 portion of lot 460. Such use is permitted as an accessory use to the commercial building for a distance of 100 feet into the R-3 portion of lot 460, up to the southerly boundary of East George street. See sec. 41 A. 4. of the zoning ordinance.

One of the agreed facts is that "motor vehicles, private and commercial, are now using, and continue to use daily as a means of ingress and egress to the super market, the aforesaid strip of land, 45 feet in width, running from Pitman Street through said Lot 33 to East George Street, and Lot 460."

After reviewing the evidence and the pertinent provisions of the zoning ordinance, the trial justice entered a written decision upon which the decree before us is predicated. He found in substance that the 45-foot way on lot 33 was created to serve the supermarket then on lot 460 and later the whole shopping center; that there was no evidence that it was dedicated to the public; that it was a private way for the use of the supermarket's patrons; and that in the circumstances respondents were devoting land in a residence zone entirely to a commercial use in violation of the zoning ordinance. After noting that the supermarket had other and fitting means of highway access to and from its building, he ordered the entry of the decree enjoining respondents in accordance with the prayers of the bill.

The findings of the trial justice are supported by the evi-

dence and in our opinion the decree entered by him is not in error.

The narrow issue here relates only to the use of the driveway on lot 33. In our opinion it is a commercial use of residentially-zoned land in violation of the ordinance. To hold otherwise would be illogical and unrealistic. Although the determination of this question in other jurisdictions is not uniform, we are persuaded by the reasoning of those cases which hold, as we do, that the use of land in a residence district as a means of ingress and egress to land or buildings in a commercial zone for commercial purposes constitutes a commercial use in violation of zoning restrictions in a residence district. *City of Yonkers* v. *Rentways, Inc.,* 304 N. Y. 499; *Village of Great Neck Estates* v. *Bemak & Lehman, Inc.,* 248 N. Y. 651, affirming 128 Misc. 441; *Town of Brookline* v. *Co-Ray Realty Co.,* 326 Mass. 206. See also *City and County of San Francisco* v. *Safeway Stores, Inc.,* 150 Cal. App. 2d 327; *Wolf* v. *Zoning Board of Adjustment,* 79 N. J. Super. 546.

Section 24 C. of the zoning ordinance is not applicable to the facts of the instant case. The respondents' contention under point I.A. of their brief that the use of the driveway is permissible under said section as an access roadway is without merit. *Newman* v. *Mayor of Newport,* 73 R. I. 385, and *Rolling Green Golf Club Case,* 374 Pa. 450, are not in point and require no discussion.

Under point I.B. respondents contend that the driveway in question is a "street" as defined in article II, sec. 21.46. of the ordinance and is not, therefore, subject to the use restrictions of the ordinance. Section 21.46. defines street as follows: "A public way established by or maintained under public authority, a private way open for public uses, and a private way plotted or laid out for ultimate public use, whether or not constructed."

Specifically, respondents contend that the driveway is "a

private way open for public uses" as defined in sec. 21.46. The driveway was a private way, but there is no evidence that it was open for public uses. It was admittedly created to service First National's operation on lot 460 and to serve its patrons. Nor is there any evidence that the public had acquired any rights therein by dedication or otherwise. See *Parrillo* v. *Riccitelli*, 84 R. I. 276. The respondents had the right to close the driveway at any time they saw fit. In our opinion the driveway was not a street within the meaning of sec. 21.46. or otherwise.

In point I.C. respondents contend that the driveway in question is a use of land customarily incident to a parking area and is permitted as an accessory use to the parking lot on lot 460. There is no merit in this contention. Sections 52.A.5. and 54.A.1. are not applicable to the facts of this case. Lots 33 and 460 are two separate lots divided by a platted street. The use of lot 33 as an incidental use to lot 460 is not warranted by any provision of the zoning ordinance. *Buffalo Park Lane, Inc.* v. *City of Buffalo*, 294 N. Y. Supp. 413, is distinguishable on its facts from the case at bar and is therefore of no help to respondents.

Under point II respondents contend that the zoning ordinance does not prohibit the use of land in the R-3 zone for ingress to and egress from First National. They base their argument on the fact that there is no provision in the ordinance which, as we understand it, expressly prohibits the use of the driveway as an access route to the parking lot. They argue that in the circumstances the ordinance, being in derogation of the common law, should be strictly construed and should not be applied to interfere with the beneficial use of property unless the restriction appears on the face of the ordinance or by clear implication therefrom.

We agree with the law stated by them, but the short answer to their instant contention is that the language of secs. 22 and 24 of the ordinance clearly provides that only the

uses prescribed in the ordinance may be made of land in each zone classification. It is well settled that where the language of an ordinance is clear and certain there is nothing left for interpretation. *Lescault* v. *Zoning Board of Review,* 91 R. I. 277. Although the ordinance does not specifically prohibit the use which respondents are making of lot 33, since this is a use which is not permitted by any provision of the ordinance it may not be so used by them. See *City of Warwick* v. *Campbell,* 82 R. I. 300, 305.

Under point IV the respondents contend that the application of the zoning ordinance to their property is not reasonably related to a proper exercise of the police power and therefore was invalidly applied in the instant case. On the record and in the posture in which this appeal is here, the issue of the reasonableness of the ordinance as applied to lot 33 is not properly before us at this time. *City of Providence* v. *Stephens,* 47 R. I. 387, 395.

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*William E. McCabe,* City Solicitor, *David J. Kehoe,* for complainant.

*Edwards & Angell, Edward F. Hindle, V. Duncan Johnson,* for respondents.