Arthur DENOMME et al.

v.

Robert MOWRY, Sr., et al.

No. 87–546–M.P.

Supreme Court of Rhode Island.

May 15, 1989.

Thomas E. Hefner, Fogarty & Hefner, Greenville, for plaintiffs.

Scott K. Keefer, Woonsocket, William G. Savastano, North Smithfield, for defendants.

## OPINION

KELLEHER, Justice.

We have issued a common-law writ of certiorari to review a Superior Court justice's affirmance of certain actions taken by the North Smithfield Zoning Board of Review (zoning board). The petitioners are the town administrator, the members of the North Smithfield planning board, and the town solicitor. The respondents are the members of the municipality's zoning board together with Walter and Janet Keene (the Keenes). The Keenes are seeking to erect a single-family dwelling on a lot they own that is located in North Smithfield on Keene Street.

This litigation arises as the result of the building inspector's denial of the Keenes' application for a certificate indicating that they were in compliance with all pertinent zoning requirements. The inspector refused to issue the certificate because (1) the Keenes' lot did not front on an "approved" street and (2) Keene Street was not a "public way." Subsequently the inspector conceded that the zoning ordinance required that a lot be located on an "improved" street rather than an "approved" street. However, petitioners insist that Keene Street is not a street as that term was contemplated by the drafters of the zoning ordinance. At the hearing there was evidence that Keene Street was "improved," since it had been graded and its bed had been treated with oil or asphalt. There was also evidence indicating that the municipality's employees had worked on Keene Street through the years, performing such chores as filling pot holes, cutting back the brush, and installing lights along the roadway. Also introduced at the hearing was evidence indicating that there were other houses built on Keene Street. The building inspector testified that he does not have a list of "town roads" and he described the issuance of compliance certificates as a somewhat arbitrary and potentially discriminatory process.

Testimony presented to the zoning board indicates that 80 percent of North Smithfield's roadways are classified as "unaccepted" streets. The zoning board was further informed that the town of North Smithfield had not yet taken advantage of the provisions of G.L.1956 (1988 Reenactment) chapter 23.1 of title 45 which, in its relevant portions, authorizes the municipalities of this state to establish an official map that would show the location of

streets in the municipality. Section 45–23.-1–4 then authorizes a municipality to limit the issuance of building permits to buildings that abut streets found on the official zoning map.

After hearing all the evidence, the zoning board ruled that the Keenes' property had frontage on an "improved street" as required by the zoning ordinance and reversed the building inspector's decision. The petitioners then appealed this decision to the Superior Court.

The Superior Court justice rejected petitioners' claim on appeal that the zoning board's decision was arbitrary as she emphasized that the record contained ample evidence supporting the finding that the Keenes' lot fronts on an "improved" street, as that term is used in the North Smithfield zoning ordinance.

The petitioners have challenged this decision by claiming first that "Keene Street" is not a public street and that the trial justice overlooked well-settled law in Rhode Island that mandates that the term "street" must always be construed to mean a "public street." In support of this contention, petitioners refer us to *Bishop v. Tripp*, 15 R.I. 466, 8 A. 692 (1887), and *City of Providence v. First National Stores, Inc.*, 100 R.I. 14, 210 A.2d 656 (1965).

The issue in *Tripp* was litigation relating to the installation of sewers in Providence and Newport. One of the issues presented to the court was whether a Providence citizen was properly assessed by way of P.L. 1869, ch. 807 of March 24, 1869 in a situation in which the portion of the "street" in question could be deemed a "paper street"[1] since it was delineated on a plat but had never been opened or used as a public street. 15 R.I. at 467, 8 A. at 693. The response given by this court was in the negative. *Id.* The court ruled that the term

"street," as it is used in chapter 807, must be considered to mean public streets which have become such either by lay-out or by dedication and acceptance. However, the court at no time ruled that the term "street" must always be construed to mean "public street." The court in *Tripp* pointed out that the Legislature had enacted a separate public law which authorized the respective municipalities to construct sewers through private lands and to make a public assessment to recover the installation costs.[2] *Id.* It is obvious that the Legislature adopted two statutory mechanisms for construction of sewers, one for the public streets, chapter 807, and one for the nonpublic streets, P.L. 1872, ch. 993. The court's ruling, however, does not stand for the proposition that the term "street" must always be construed to mean "public street."

In *City of Providence v. First National Stores, Inc.*, 100 R.I. 14, 210 A.2d 656 (1965), the issue was whether a private "driveway" was a street within a pertinent section of the Providence zoning ordinance. The ordinance included a specific definition of the term "street,"[3] and the more precise issue involved in this litigation was whether this private "driveway" came within the definition of a "private way open for public uses." The court held that since no evidence was introduced that the private "driveway" was open for public uses, it was not a street as defined by the ordinance. This court in 1965 at no time ruled that the term "street" must always be construed to mean a "public street."

If the term "street" had been defined by the North Smithfield legislators, we would, of course, be bound by its definition. Unfortunately, however, the term street is not defined and, since this court is the final arbiter in all disputes involving statutory construction, we must resolve the present

---

**1.** In *Robidoux v. Pelletier*, 120 R.I. 425, 438 n.2, 391 A.2d 1150, 1157 n.2 (1978), a "paper street" was defined as a street that appears on a recorded plat but which in actuality has never been opened, prepared for use, or used as a street.

**2.** Public Laws 1872, ch. 993 of April 26, 1872.

**3.** The term "street" was defined in the Providence ordinance as " 'A public way established by or maintained under public authority, a private way open for public uses, and a private way plotted or laid out for ultimate use, whether or not constructed.' " *City of Providence v. First National Stores, Inc.*, 100 R.I. 14, 18, 210 A.2d 656, 659 (1965).

ambiguity and determine the intent when the North Smithfield zoning ordinance was adopted and embodied with the term "street."

The petitioners next criticize the construction of the zoning ordinance given by the trial justice by arguing that she was obligated to construe the word "street" in conformity with the terms of the subdivision regulations. The planning board's subdivision regulations were adopted in May 1971. A copy of the regulations are part of the record. The copy bears the seal of the town clerk who attested to the accuracy of the copy. Article I of the regulations contains a definitional portion in which a "subdivision" is defined as "the division of a lot, tract or parcel of land into two or more lots, sites or other divisions of land in such a manner as to require provision for a street."

However, in May 1979 the Legislature amended the enabling act by removing from the definition of "subdivision" any mention of the necessity of establishing a new street. Today, according to the enabling act, the word "subdivision" means "the division of a lot, tract, or parcel of land into two (2) or more lots, tracts, parcels, or other divisions." G.L.1956 (1988 Reenactment) § 45–23–1(1).

It is obvious that the town gains no benefit from any reliance on either the 1971 or the 1979 definition of "subdivision." Although the requirement of a street was deleted in 1979,[4] this can be of no comfort to petitioners. Here the Keenes are seeking to erect a house on a single lot that has access to an improved roadway. At no time is the Keenes' endeavor subject to the planning regulations of the town of North Smithfield, whether they be of the 1971 vintage or the 1979 vintage.

We concur with the sentiment expressed by the trial justice who noted that North Smithfield's zoning ordinance defines neither the term "street" nor the term "improved." She also observed that the ordinance does not require that a street be "public" or "approved" and emphasized

that the dimensions of the Keenes' lot satisfied both the dimensional and the area requirements of the ordinance. She then ruled that the zoning board correctly found that "Keene Street" was an "improved street" despite the fact that there was no evidence indicating that it was a public street. On certiorari to this court, our concern is directed solely to the question of whether the trial justice acted within his or her authority pursuant to G.L.1956 (1988 Reenactment) § 45–24–20. *Felicio v. Fleury*, 557 A.2d 480, 481 (R.I.1989). This section provides, in part, that the Superior Court justice may affirm the zoning board's decision or remand the controversy for further proceedings, or may vacate the zoning board's decision if substantial rights of the appellant have been prejudiced because of clearly erroneous factual findings or where the decision has been affected by an error of law. Section 45–24–20(d). In reviewing the factual findings made by the Superior Court, this court does not weigh the evidence but determines only whether there is legally competent evidence and inferences drawn from it to support the judgment. *Felicio*, 557 A.2d at 482; *Zeilstra v. Barrington Zoning Board of Review*, 417 A.2d 303, 307 (R.I.1980). As to issues of law, such as statutory construction, we are the final arbiter. As such we are required to resolve all doubts and ambiguities contained in the zoning laws in favor of the landowner because these regulations are in derogation of the property owner's common-law right to use her property as she wishes. *City of Providence v. O'Neill*, 445 A.2d 290, 293 (R.I.1982).

Consequently, in construing the North Smithfield zoning ordinance strictly, we resolve the ambiguity surrounding the term "street" in favor of the Keenes, and hold that the trial justice properly affirmed the zoning board's decision that "Keene Street" is an "improved street" within the meaning of the ordinance.

The petition for certiorari is denied, the writ previously issued is quashed, and this

4. The Keenes appeared before the zoning board   in mid-August 1986.

case is remanded to the Superior Court with our decision endorsed thereon.