DECISION
Before this Court is an appeal from an April 23, 1996 decision of The Zoning Board of Review for the Town of North Kingstown. Paul F. Galego (petitioner) seeks a reversal of the Board's April 23, 1996 decision denying his application for relief from off-street parking requirements Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
Facts
The petitioner is the record owner of three parcels of land identified on Assessor's Plat 117 as lots 16, 17, and 18. The land which is located in a village residential area but has been zoned for waterfront business, currently consists a of commercial enterprise and a waterfront related food business.
On April 11, 1995, Mr. Paul F. Galego filed an application for certain special use permits and variances with The Zoning Board of Review of the Town of North Kingstown (Board) The petitioner sought the variances for his proposed marina and a special use permit for a single residential unit. The marina proposed would include a 200 square foot office structure, a 40 foot by 10 foot swimming pool, and the one residential unit. Advertised hearings on the application were held on September 12, 1995, November 14, 1995, January 9, 1996, and March 12, 1996, with a final hearing held on April 9, 1996.
Various neighbors and witnesses spoke at these hearings. The petitioner's expert witness, Neil Ross, testified that in his opinion the number of parking spaces proposed by petitioner would be sufficient for the facility even though the number of spaces proposed was lower than that required by the town ordinances. Mr. Ross also submitted a report entitled "Auto Parking in Marina's" dated 1989. This report provided generalized information about parking space use at marinas across the country, and supported Mr. Ross testimony regarding the sufficiency on the proposed undersized parking lot. Further testimony was given by the petitioner who also submitted a "study" he conducted by himself of parking requirements at area pools. The study stated that other pools parking lots were rarely full and that his proposed lot would be sufficient to support the proposed pool. Several neighbors of the facility also asked questions and voiced concerns about issues such as dredging and most relevantly here parking.
In its April 23rd decision the Board granted all of petitioner's requested relief except his request for a dimensional variance for off-street parking. This request was denied. Thereafter, petitioner filed a timely appeal to this Court asserting that the Board's decision was affected by an erroneous application of the law and was clearly erroneous in view of the reliable, probative and substantial evidence before it.
Standard of Review
Superior Court review of a Zoning Board decision is controlled by Rhode Island General Laws 1956 § 45-24-69(D) (1991 reenactment), which provides in pertinent part:
45-24-69 (D). Appeals — Appeals to superior court
 (D) "The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The Court may . . . reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are: . . .
 (4) affected by other error of law
 (5) clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record: . . ."
 When reviewing a Zoning Board decision, the superior court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 388 A.2d 821, 825 (R.I. 1978). In Apostolou v. Genovesi, the Rhode Island Supreme Court defined substantial evidence as "more than a scintilla but less than a preponderance". Id. at 824; and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 822.
The Board's Decision
The petitioner presents two main arguments on appeal. The petitioner contends that the Board's classification of his marina and pool as a mixed use for off-street parking purposes is an error of law. Additionally, petitioner argues that if his marina is a mixed use for off street parking purposes, the Board based its denial of the requested variance upon insufficient evidence.
It is "the function and duty of this court to construe statutes" so as "to effectuate the intent of the legislature" by examining "the language of the statute itself, [and] giving the words of the statute their plain and ordinary meaning." The Townof East Greenwich v. James O'Neil. 617 A.2d 104, 108 (R.I. 1992) (quoting D'Ambra v. North Providence School Committee,601 A.2d 1370, 1374 (R.I. 1992) and Krikorian v. Rhode Island Departmentof Human Services, 606 A.2d 671, 675 (R.I. 1992)). Furthermore, language of statutes should be read in pari materia or together so as to be consistent. Rhode Island State Police Lodge No. 25 v.State, 485 A.2d 1245, 1247 (R.I. 1984). "It is a well settled principle in this jurisdiction that the rules of statutory construction apply equally to the construction of an ordinance."Mongony v. Bevilacqua. 432 A.2d 661, 663 (1981).
North Kingstown Revised Ordinances Art. XI § 21-276(a)(16) (24) (1995), entitled Off-street parking spaces—generally, states that
 "[t]he [f]ollowing [n]umber of paved off-street parking spaces shall be provided and satisfactorily maintained . . . [m]arinas: One (1) parking space for each boat slip or mooring station, either water of land based . . . Any commercial or business use not otherwise expressly provided for: One (1) parking space for each two hundred (200) square feet of total floor area."
Section (b) of Art XI § 21-276 further establishes that [i]n the case of mixed uses, the parking spaces required shall be the sum of the requirements for the various individual uses computed separately; parking facilities for one use shall not be considered as providing the required parking facilities for any other use." A mixed use as defined, at North Kingstown Revised Ordinances § 21-22 as "[a] mixture of land uses within a single development, building or tract."
Petitioner argues that the planned 40 foot by 10 foot pool is not a separate commercial/business use of his marina property but rather is an intrinsic part, of the marina, and therefore the Board's requirement that petitioner establish fifteen parking spaces for the pool and its surrounding patio is an erroneous application of the law. Petitioner also argues that even if the zoning ordinances in question could be interpreted as designating the pool as a separate use, such an interpretation should not be made for it would violate the rule set out in Denomme v. Mowry,557 A.2d 1229, 1231 (R.I. 1989) and City of Providence v.O'Neill, 445 A.2d 290, 293 (1982) that doubts and ambiguities in zoning laws should be resolved in favor of the land owner.
The Board found that the tracts of land in question were being put to mixed uses. In the North Kingstown Zoning ordinance Land Use Table found at North Kingstown Revised Ordinances Art. III under marine business, marinas and marine oriented clubs i.e. swimming and boating are listed separately as different permitted uses. A club is defined by the ordinances as "any building and facility owned or operated by a corporation, association, person or persons for a social, educational or recreational purpose." Similarly, the definition of marina does not in any way include or even suggest a "swimming pool."[1] The petitioner asserted that "[t]he installation and maintenance of recreational swimming pools at marinas for use by lessees of dock space is the norm today . . ." (Pet. Mem. at 10). However, the record includes reference to two other local marinas that do not have swimming pools and the controlling ordinance includes swimming pools and marinas in two separate sections. Furthermore, petitioner at one point testified that the pool is intrinsic to the marina and later stated that "Cedar Tree Point Marina can and will be built whether a pool is present at" the site. Pet. Mem. at 14. The Board's finding that the marina qualifies as a mixed use under Art. XI § 21-276 (b) is supported by the substantial evidence of record.
With respect to S 21-276 and how many parking spaces petitioner marina will require, petitioner asked that the Board find that the pool is not a commercial use and that therefore no parking spaces for it are required under Art. § 21-276(a). Alternatively petitioner requested that if § 21-276 did apply, that the Board grant him a variance excepting him from the requirements of § 21-276. The Board found that S 21-276 did apply to petitioner's pool, and denied his request for a variance.
The parties rely on Art. XI § 21-276 (24) with is requirement that for "[a] commercial or business use nototherwise expressly provided for: One (1) parking space for each two hundred (200) square feet of total floor area" is required. (Emphasis added). The plain language of section 21-276(24) refers to commercial and or business uses, not entities. Second the language encompasses all commercial or business uses not otherwise expressly provided for. It is clear from the existence of a marina subsection and its definition which does not contain language pertaining to pools that such a use if it were categorized as a commercial or business use would fall under subsection 24 and not subsection 16.
While the zoning ordinances do not define "commercial use" or "business use", Blacks Law Dictionary does. Commercial use as defined as "use in connection with or for the furtherance of a profit making enterprise." BACKS LAW DICTIONARY 271 (6th Ed. 1990). As the plain meaning of the term is clear and unambiguous the rule of Denomme and City of Providence need not be applied. Given such a definition the pool is a commercial/business use.
The record reveals that the petitioner intends to operate the marina as a business for a profit. The petitioner has testified that the reason for the pool is to attract boaters and customers.[2] The pool is being built "in connection" with the marina, and "in furtherance" of it. Accordingly, the Board's determination that Art. XI § 21-276 (b) requires 15 parking spaces be created for the pool is not erroneous.
The petitioner finally contends, that assuming arguendo that § 21-276 does apply, the zoning board's refusal to issue. A "viti" variance or deviation for the pool parking spaces was clearly erroneous in view of the reliable, probative and substantial evidence or, the record. A "viti" variance or deviation "is relief from restrictions governing a permitted use such as . . . on-site parking." Bamber v. Zoning Board of Reviewof Foster, 591 A.2d 1220 (1991) (citation omitted). A petitioner seeking this type of variance must show an adverse impact "amounting to more than a mere inconvenience." Id.
A review of the record indicates that the Board found that the regulations to be applied to the petitioner's situation are those of the Art XI § 21-276 not the parking regulations of the Coastal Resource Management Council ("CRMC"). Tr. of April 9, 1996 at 9 lines 11-24. Additionally, the Board had before it the recommendation of Mr. Page, their legal counsel that the pool in question qualifies as a separate commercial/business use requiring separate parking spaces (Tr. of April 9, 1996 at 4 and 13-19; Letter from Page to Galego of Nov. 20, 1995) and a staff report which from The Town of North Kingstown's Department of Development and Planning that:
 "[t]he primary concern that must be addressed, is the inability to accommodate the required number of off-street parking spaces. Parking is not allowed on either side of Esmond Avenue. It is therefore a concern that parking may spill over into the surrounding neighborhood and cause excess parking on Enfield Avenue. This will have a negative impart on the neighborhood. Peak and non-peak use will likely cause significant parking spill over throughout the neighborhood."
Mem. from Cohen to Kerbel of October 12, 1995 at 5. See also, Revised Staff Report from Department of planning and Development to Zoning Board of Review of January 9, 1996 at 7.
Additionally, the Board found that the testimony of Dr. Ross (petitioner's expert) and the report submitted by him, although very involved, totally lacked "site specific information" and tailoring. See, Goodman v. Zoning Board Of Cranston, 105 R.I. 680
(1969) (finding that expert testimony though extensive may add nothing to determining the issues) and Coupe v. Zoning Board ofPawtucket, 104 R.I. 58 (1968), (finding that expert testimony without competence unless it "is the product of expertise applied to a given set of, facts"). Specifically the board noted that the report in no way considered that the marina petitioner seeks to build will have little to no on-street-parking to absorb possible off-street parking overflow or any other site specific data. Tr. of April 9, 1996 at 3-4 line 13-12. Furthermore, the Board found that because the marina would be a change in use they had no evidence before it that would establish a `track record' for the facility's parking needs. Tr. of April 9, 1996 at 5 line 19-21 
at 7 line 15-20.
Accordingly, the board's decision to deny the dimensions, relief is supported by substantial probative evidence of records
Conclusion
After review of the entire record, this Court finds that the decision of the Board was supported by substantial evidence and was not affected by error of law. Furthermore, substantial rights of the petitioner have not been prejudiced. Counsel shall submit the appropriate judgment for entry.
[1] North Kingstown Revised Ordinances Art I § 21-22 defines marina as "[a]ny dock, pier, wharf, float, floating business, or combination of such facilities that service five (5) or more recreational boats as a commercial enterprise or in association with a club."
[2] See e.g., Briefing Mem. from Galego to the Zoning Board of Nov. 17, 1995 at 3 ("The reason is the pool pure and simple: . . . will attract boaters and customers" and petitioner's statements that if he were allowed a pool membership he would need to include winter boat storage as a service offered at his marina to recoup lost profit).