DECISION
This is an appeal from a decision by the Zoning Board of Review of the Town of South Kingstown (Board). The Appellant, Wakefield Mill Properties (WMP), seeks reversal of the Board's October 24, 1995 decision upholding a determination by the Building Inspector that WMP cannot traverse a particular parcel (Lot 100) to access a public street from its own parcel in a manufacturing zone, because of Lot 100's location in a residential zone. Jurisdiction is pursuant to G.L. 1956 §45-24-69.
 Facts/Travel
Wakefield Mill Properties owns two parcels in Wakefield, Rhode Island, designated as Lots 101 and 107 on Tax Assessor's Plat 56-3. (Tr. at 4.)[1] Lot 101 is located in an M-1 (manufacturing) zone and contains a former mill building. (Tr. at 13.) In 1984, the South Kingstown Tax Assessor eliminated what was once the southern portion of Lot 100 and added it to Lot 101. (Tr. at 47, 48; Item 19.) Most of Lot 107 is also zoned M-1, although a portion is zoned C-3 (Tr. at 13.) Lot 107 contains a manufacturing building, which was constructed by WMP in 1994.
Wakefield Mill Properties wants to traverse Lot 100, which runs north-south through its property, to access Highland Avenue, a public street, from its building on Lot 107. (Item 38.) Lot 100 also abuts several lots located in an R-10 (residential) zoning district to the west and at its intersection with Highland Avenue. (Item 6.) A number of abutters and area residents are opposed to WMP's proposed use of Lot 100. (Tr. at 5-8.)
In a letter dated March 29, 1995, WMP requested a written determination from Russell Brown (Mr. Brown), the Building Inspector for the Town of South Kingstown (Town), regarding WMP's proposed use of Lot 100. (Item 38.) In his reply letter dated May 11, 1995, Mr. Brown informed WMP that because of Lot 107's designation as a manufacturing zone and Lot 100's designation as a residential zone, WMP's proposed use of Lot 100 to access Highland Avenue from Lot 107 would be a violation of the South Kingstown Zoning Ordinance prohibiting manufacturing uses in a residential zone. (Item 39.) For purposes of the Zoning Ordinance, the term "manufacturing uses" includes the use of any road or ways servicing a manufacturing use, which run through private residential property. (Item 39.)
On June 6, 1995, WMP appealed the determination of the Building Inspector. (Item 1.) After an August 7, 1995 public hearing, the Board on September 20, 1995 voted to deny the appeal. (September 20, 1995, Tr. at 9.) The Board issued its written decision on October 24, 1995. (Item 44.) On November 9, 1995, WMP filed a timely appeal of the Zoning Board's decision.
 Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 "(1) In violation of constitutional, statutory or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association of FireFighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521 (1977).
 The Decision by the Board
In its decision of October 24, 1995, the Board found that if Lot 100 is not a street, it may not be used for industrial or commercial purposes because of its location in a residential zone. City of Providence v. First National Stores, Inc.,100 R.I. 14, 18, 210 A.2d 656, 659 (1965). The Board found, and WMP concedes in its Memorandum, that because it has never been formally accepted by the Town, Lot 100 is not a public street. The Board further determined that in order for Lot 100 to be a private street, there must have been an effective dedication of private property to the public for street purposes:
 "In order for there to be an effective dedication, two elements must exist: (1) a manifest intent by the landowner to dedicate the land in question, * * * and (2) an acceptance by the public either by public use or by official action to accept the same on behalf of the municipality. Robidoux v. Pelletier, 120 R.I. 425, 433, 391 A.2d 1150, 1154 (1978)."
Additionally, the Board found that WMP did not intend to dedicate Lot 100 and that Lot 100 had never been opened as a street. In declaring the matter a "close case," the Board upheld the determination by the Building Inspector that WMP's proposed use of Lot 100 to access Highland Avenue from Lot 107 would violate restrictions in the South Kingstown Zoning Ordinance which prohibit manufacturing uses in a residential zone.
Alternatively, Wakefield Mill Properties argues that Lot 100 is a private "street," as that term is defined by the South Kingstown Zoning Ordinance, and thus exempt from the Zoning Ordinance's use restrictions. Wakefield Mill Properties further argues that the elements of an effective dedication identified inRobidoux, supra, apply only to public streets and not to private.
 Lot 100 is a Private Street
In the Town of South Kingstown, the term "street" is defined as "[a] public or private thoroughfare used, or intended to be used, for passage or travel by motor vehicles." South Kingstown Zoning Ordinance, Article 17, Section 17102. The Town employs an identical definition of "street" for use in its Subdivision and Land Development Regulations. Those Regulations also contain a definition for the term "private street," to wit, "[a] thoroughfare established as a separate tract for the benefit of multiple, adjacent properties and meeting specific municipal improvement standards." A major category of street classification identified in the South Kingstown Subdivision and Land Development Regulations is "local private," defined in pertinent part as "[p]rivate streets whose primary function is to provide access to abutting properties."
The WMP contends that if Lot 100 is not a street, it may not be utilized as an access route to Highland Avenue from Lot 107 because of Lot 100's designation as a residential zone. "[T]he use of land in a residence district as a means of ingress and egress to land or buildings in a commercial zone for commercial purposes constitutes a commercial use in violation of zoning restrictions in a residence district." City of Providence v.First National Stores, Inc., 100 R.I. 14, 18, 210 A.2d 656, 659 (1965) (citations omitted). However, to qualify for exemption from the use restrictions of the Town's Zoning Ordinance, Lot 100 would have to be recognized as a private street.
The record demonstrates that Lot 100 is properly identifiable as a private street, because it meets the definition of "street" as that term appears in both the South Kingstown Zoning Ordinance and the South Kingstown Subdivision and Land Development Regulations. In testifying before the Board on August 7, 1995, Bruce Thunberg of WMP stated that he had used the private thoroughfare known as Lot 100 for travel by motor vehicle on more than twenty-five occasions during the last year. The Rhode Island Supreme Court has held that where the term "street" has been defined by municipal legislators, the Courts are bound by that definition. Denomme v. Mowry, 557 A.2d 1229, 1230 (R.I. 1989).
In City of Providence v. First National Stores, 100 R.I. 14, 15, 210 A.2d 656, 657 (1965), the appellant sought commercial use over a parcel which was residentially zoned. Because the parcel did not qualify as a "street," as that term was defined by the City of Providence in its Zoning Ordinance, the appellant was properly denied commercial use over it. Id. at 20, 660. Because Lot 100 does in fact fall within the definition of "street" as that term appears in the South Kingstown Zoning Ordinance, the case at bar is distinguishable from First National, and the Board's failure to recognize properly Lot 100 as a private street constitutes a legal error.
The Board had before it the testimony of Raymond Chappel, who, for over forty years, has lived on property which abuts Lot 100 and is approximately 137 feet from Highland Avenue. Mr. Chappel, whose home faces the subject parcel, provided the following testimony with respect to Lot 100:
 I did maintain the part that I needed to maintain to get in and out. I filled in mud holes, had gravel brought in to fill it in. I plowed in the winter and continued to plow it right up until today. * * * It's been used by myself and my neighbor. As I say, I maintained it so that we could use it.
Mr. Chappel's testimony evidences that he himself has made use of Lot 100 as a travel route between his home and Highland Avenue. By law, he has every right to do so. In 1909, when Wakefield Manufacturing Company divided its property, Lot 100 became one of two private streets intended for use by all of the lots.[2] In subsequent deeds conveying certain of the platted lots, grantees were given easements over the "private street" now known as Lot 100. The Board had before it substantial evidence that Lot 100 is indeed a private street. As such, WMP has the same right as Mr. Chappel, or any of the other abutting lot owners, to traverse Lot 100 as a private street for access to Highland Avenue.
 An Effective Dedication is Not Necessary to Identify Lot 100 as a Private Street
Additionally, the Board found that for Lot 100 to be a street, there must have been a dedication of private property to the public for street purposes. In support of its finding, the Board relied upon Robidoux v. Pelletier, 120 R.I. 425,391 A.2d 1150 (1978). The Board's reliance upon Robidoux, however, is misplaced. Robidoux discusses the elements of an effective dedication, to wit, intent and acceptance, as they relate to the dedication of private property to the public. Id. at 433, 1154. In the case at bar, the parties agree that because it has not been formally accepted by the Town of South Kingstown, Lot 100 is not a public street. Based upon evidence presented by the parties however, Lot 100 does meet the legal definition of a private street. By its very nature, a private street is not the result of a dedication of private property to the public; therefore, an effective dedication is not necessary to identify Lot 100 as a private street. Lot 100 is a private street by definition. Because no effective dedication is necessary here, where a private (as opposed to public) street is concerned, see Denomme v.Mowry, 557 A.2d 1229 (R.I. 1989) (holding that the term "street" need not always be construed to mean "public street"), the Board's consideration of intent constituted an error of law.
 Conclusion
Upon review of the entire record, this Court finds that substantial rights of WMP have been prejudiced by the Board's decision, which was affected by an error of law, and is clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record. Accordingly, the Appellant's appeal is granted, and the decision by the Board is reversed.
Counsel shall prepare the appropriate judgment for entry.
[1] Unless otherwise indicated, all references to the Transcript ("Tr.") pertain to proceedings which took place before the Zoning Board of Review for the Town of South Kingstown on August 7, 1995.
[2] A third street, now known as Highland Avenue, was later accepted by the Town of South Kingstown and became a public street.