DECISION
The plaintiff, Cellco Partnership d/b/a Bell Atlantic Mobile (Bell Atlantic), appeals from the Cumberland Zoning Board of Review's (board) denial of its application for a variance that would have allowed it to use and install a wireless-communications antenna array at the top of a communications tower that already contained two such arrays at lower heights. Bell Atlantic essentially claims that the board erred when it interpreted the Town of Cumberland's (the town) zoning ordinance as prohibiting the use of a communications tower by more than two users and that such interpretation resulted in the board's erroneously measuring its application by the use-variance standard. The issue presented to the Court for determination is whether the use of a communications tower by more than two users is prohibited by the ordinance.
Odell-Williams, Inc. is the owner of a 150,000 square foot parcel of land (the land) located in I-1 Licht Industrial zoning-use district with a height limitation of 75 feet. In December of 1996, the board granted Odell-Williams, Inc. (as owner) and Wireless PCS, Inc. d/b/a ATT Wireless Services (as applicant) a height-wise dimensional variance to construct a 130-foot high communications tower (the tower) containing one antenna array some ten feet from the top with an additional future user contemplated at the top. After the board granted this relief, ATT Wireless Services built its tower and installed its array. However, before Bell Atlantic had the opportunity to apply for a permit to build its tower-top array, another wireless communications company, Sprint Spectrum, applied for and received permission from the town building inspector to build an array on the tower below ATT's array. Subsequently, the town building official's denied Bell Atlantic's request for a building permit because he interpreted the town's zoning ordinance as prohibiting more than two users on any one tower. In due course, Bell Atlantic (as applicant) and Odell-Williams, Inc. (as owner) filed a petition for a variance with the board, seeking to have the board permit the use and installation of additional wireless communications antennae and equipment on the tower alleging that a denial would constitute more than a mere inconvenience Bell Atlantic also sought permission to place an additional equipment shelter approximately 30' x 12' x 10' at subject property.
The board held a hearing on Bell Atlantic's application on December 10, 1997, during which time Bell Atlantic presented uncontradicted expert and lay testimony in an attempt to satisfy the dimensional-variance standard. After the hearing, the board denied Bell Atlantic's application by a vote of 3-2 because it determined that use of a communications tower by more than two users was a prohibited use and that the use-variance standard had not been satisfied. A written decision denying Bell Atlantic's application was filed December 30, 1997. Thereafter, Bell Atlantic, pursuant to G.L. 1956 §§ 45-24-31 (4)(b),45-24-41(B) and 45-24-69(A), initiated an appeal by filing a complaint with the Superior Court on January 15, 1998.
In its review of the record of a hearing before the board, the Court may not substitute its judgment for the board' s as to the weight of the evidence on questions of fact. The Court may, however, remand the case for further proceedings or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are affected by error of law. In the alternative, the Court may affirm the board's decision, G.L. 1956 § 45-24-69(D).
In addition, the Court is required to resolve all doubts and ambiguities contained in the town's zoning laws in favor of the landowner because the regulations are in derogation of the property owner's common-law right to use the property as an owner wishes, Denomme v. Mowry, 577 A.2d 1229, 1231 (R.I. 1989). The town adopted use regulations specifying which uses are permitted in which zoning-use districts. While the precise source of the right is not identified by the parties or made explicit in the town's zoning ordinance, the parties agree that the town permits the use of communications towers in all zoning-use districts except open space. Although communications towers are not specifically regulated by Article 3 of the town's zoning ordinance, titled Use Regulations, they are addressed in Article 5, titled Supplementary Regulations. The purpose of Article 5 is to "set specific conditions and dimensional criteria for various uses or areas, where the general regulations are not applicable," Cumberland Zoning Ordinance Art. 5, at CDB:27. Section 5-18 of Article 5, titled "Communication towers," provides in pertinent part that:
. . . communication towers . . . which are not part of the principal structure . . . may not exceed the maximum height specified for the zoning district in which they are located.
 . . .
 The board of review shall not consider any request for variances from the height limitation unless the petitioner can demonstrate to the satisfaction of the board an inability to co-locate on existing facilities wherein multiple users share the same tower and prove a hardship to the property as required by the ordinance. Co-location of one additional user shall not be prohibited on any such facility so long as the height limits allowed, or previously granted, are not exceeded overall. Cumberland Zoning Ordinance § 5-18, at CDB:34.
The question raised by this appeal is whether the phrase "[c]o-location of one additional user shall not be prohibited" operates as a limitation on the use of a tower by more than two users, that is, whether the phrase means that co-location of more than one user shall be prohibited. Although the Court acknowledges that "where the language of an ordinance is clear and certain there is nothing left for interpretation," City ofProvidence v. First National Stores, Inc., 100 R.I. 14, 20,210 A.2d 656, 660 (1965), because this section of the town's ordinance is not clear and certain, the Court will consider this section in the context of the whole ordinance to determine its meaning.
The Court's first concern is that the alleged use limitation is the result of a negative implication rather than an express limitation. The use group within which towers are permitted allows for "[w]ireless receiving and transmitting antennae," Cumberland Zoning Ordinance Art. 3, Appendix to Table 1, Use Code 65.1, at CDB:22. Thus, more than one antenna is contemplated as being within the use permitted by the town. To read the supplementary regulations, which merely "set specific conditions and dimensional criteria for various uses," as negatively inferring a limitation on the use of one's property and the number of antennas allowed on a tower would require that the Court resolve this conflict in favor of the town rather than the landowner as required by law. The phrase "[c]o-location of one additional user shall not be prohibited" must be applied literally and not stretched beyond its own terms to reach out by implication and prohibit a use that is otherwise permitted.
The board's error in this regard is made apparent even in its own brief, where it states that it "felt compelled, in protecting the interests of the citizens of Cumberland[,] to strictly construe the stationary language," see also Transcript of the Cumberland Zoning Board 51 (December 10, 1997) (where one board member states: "All I know is since this Ordinance seems to imply that more than one additional user is prohibited, I would tend to err on the side of the Ordinance."). In strictly construing the ordinance against the landowner, the board committed an error of law which prejudiced Bell Atlantic's substantial rights.
Moreover, if it is assumed that Section 5-18 provides a use limitation, since any variance from that limitation would only be needed after there were already two beneficial users on a communications tower, it is inconceivable how any proposed third user could satisfy the use-variance standard, which requires a showing that the "subject . . . structure cannot yield any beneficial use if it is required to conform to the provisions of the zoning ordinance, " G.L. 1956 § 45-24-41 (D)(1). Finally, if Section 5-18 operated as a use limitation, the requirement that in order to obtain a height-wise dimensional variance, the proposed third user must "demonstrate an inability to co-locate on existing facilities wherein multiple users share the same tower" would be meaningless because the inability would be automatic whenever there were two users on a communications tower.
Based upon the foregoing, the Court finds that the town's zoning ordinance does not prohibit the use of a communications tower by more than two users. Consequently, the Court reverses the board's denial of the Bell Atlantic application for a variance.
Counsel shall prepare an appropriate judgment for entry.