GEORGE H. BECKMANN, LOUIS J. HESS, AND GEORGE H. BECKMANN, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS-RESPONDENTS, v. TOWNSHIP OF TEANECK AND MILTON G. VOTEE, WALTER E. CUMMINS, HENRY DEISSLER, C. J. HAGGERTY, AND MAYOR C. W. BRETT, MEMBERS OF THE TEANECK TOWNSHIP COUNCIL, AND GEORGE M. CADY, BUILDING INSPECTOR OF THE TOWNSHIP OF TEANECK, DEFENDANTS-APPELLANTS.

Argued January 29, 1951, February 5, 1951—Decided March 19, 1951.

Mr. *Warren Dixon, Jr.,* argued the cause for plaintiffs-respondents.

Mr. *Dominick F. Pachella* argued the cause for defendants-appellants (Mr. *John J. Deeney,* attorney).

The opinion of the court was delivered by

CASE, J.  The Township of Teaneck caused the several plaintiffs to be summoned before the Municipal Court of the township on complaints charging them with violations of the local zoning ordinance in that, within a residence zone, they maintained a large advertising sign and also a driveway for business purposes.  Plaintiffs thereupon filed their complaint in the Superior Court, Law Division, Bergen County, charging that the township, in prosecuting its complaints, had breached agreements earlier made with the Estate of William Walter Phelps, a corporation, and with Garden State Developers, Inc., a predecessor of the corporate plaintiff George H. Beckmann, Inc., and, upon the basis of the alleged breach, plaintiffs prayed that the township and its officers be directed to adopt an ordinance authorizing the matters complained of or take appropriate action to grant variances or exceptions with respect thereto, and that they be enjoined from interfering with the plaintiffs, their successors or assigns, in the use of the premises.  The court, having by consent heard the matter without a jury, made a determination of the facts and rendered a final judgment which (1) restrained the township and its officers from prosecuting the summonses and the complaints issued thereon, (2) directed that the members of the township council, "in the exercise of their discretion rezone or consent to a variance, or grant an exception, or consent to a non-conforming use, or take other effective action to permit the use of the site on which plaintiff's office building is erected * * * so as to be lawfully usable for the transaction of real estate, mortgage, insurance and building contractors' business," and (3) that the township and its officers be restrained from interfering with the use of plaintiff's property because of an alleged "paper" street known as Hancock Avenue.  The appeal by the township and its associated defendants to the Superior Court, Appellate Division, was certified to us on our own motion.

The Township of Teaneck has consistently endeavored to prevent the invasion of business on either side of State Highway Route 4 running from George Washington Bridge west-

erly through the township. The corporate plaintiff lawfully constructed, maintains and uses a one and one-half story structure for specified business purposes at a distance of at least 150 feet southerly from the center line of the highway. The territory between the building and the highway is zoned for residences and against business. The controversy, stated in its simplest terms, is whether the corporation and the associated plaintiffs may (1) erect and maintain adjacent to the highway a large business sign announcing the presence of the building and the business conducted therein, and (2) use for entrance to and exit from the building a driveway which the plaintiffs have constructed between the highway and the building over their lands zoned against business use. The arguments present facts and contentions which we think are in large part extrinsic to, or at least unnecessary and confusing in the determination of, the issues, and we shall endeavor to confine the discussion to what we regard as the controlling elements.

The land was originally a part of a tract owned by the Estate of William Walter Phelps, deceased. On April 15, 1947, following authorizing resolutions, the township entered into a contract with the estate and another contract with Garden State Developers, Inc., the prospective purchaser and developer of the tract with which we are concerned. (*Cf. Fraser v. Teaneck Township*, 137 *N. J. L.* 119 (*Sup. Ct.* 1948); affirmed, 1 *N. J.* 503 (1949), which, however, did not consider or pass upon the issues here presented.) Those contracts contained the following clause bearing upon the proposal which was later realized by the construction of plaintiffs' building:

"The Township will, by rezoning or consent to a variance, or grant of an exception, or consent to a non-conforming use, or by other effective action, permit the erection of one office building on the area lying on the southerly side of State Highway Route No. 4 and easterly of Decatur Avenue if projected southerly, which is marked on the attached map as 'Business—Proposed Office Site,' to be used for the transaction of real estate, mortgage, insurance, and building contractors' business provided however that no part of any such building shall be closer than 150 feet of the center line of said State Highway

Route No. 4. It is understood and agreed that the building shall not be used for any purposes except as an office for the transaction of real estate, mortgage, insurance and building contractors' business, and that no construction material shall be stored on the site outside the main walls of the building."

Neither of the agreements had provision regarding the erection of a sign or the construction or use of a driveway. The building, when constructed, was so placed that the land upon which it stood was in an area already zoned with a classification that permitted the lawful construction and use of the building for its business purposes. The highway ran approximately 150 feet to the north of the building, and the north line of the building was coterminous with the north line of the area within which the business use was permitted. The area between the north line of the building and the highway is owned by plaintiffs and was then and is now zoned for residential uses and against business uses. There, immediately adjacent to the highway, is where the sign was erected. It is a structure 8 feet high and 16 feet wide. It proclaims the neighboring presence of plaintiffs' business structure and the character of business conducted therein. It is an announcement of, and in effect an invitation to do, business. It is clearly and exclusively a business structure put to a business use and is a violation of the provisions of the zoning ordinance. Not only so, it is not within the purview of the contract provisions and is contrary to the spirit thereof. To what point was the "business site" specifically kept at a distance of 150 feet if by signs and advertising features it was to be projected immediately along the highway? We find nothing in the agreement which calls upon the municipality to do more than to permit the construction of the building which is now constructed and to permit the building, when constructed, to be used for the operation of the business that is now being conducted there, and we find nothing in the agreement inconsistent with the proposition that the area between the building and the highway shall not be used for business purposes. No rezoning or consent to a variance was necessary to legalize the construction of the building and the use of the structure for

the designated business purposes. After the agreement was entered into, the corporate plaintiff applied to the building inspector of the township and, on June 11, 1947, obtained a permit for the construction. After the construction was completed a certificate of occupancy was issued and the appropriate use followed and is continued. But neither the permit to construct the building, nor the certificate of occupancy after construction, may be warped into a consent that the township purpose to keep the lands along the highway free of business structures should be frustrated. On or subsequent to June 17, 1947, an ordinance was adopted which, as stated in respondents' brief, rezoned "the entire tract in accordance with the agreements." We find it difficult to deduce from the exhibits just what changes were effected from the earlier ordinance in order to accomplish that result, but there appears to be no dispute over the two essential propositions that the site of the business office is so zoned as to permit that use, and that the land from there north to the highway is zoned against business and for residences. The only argument for the sign is that without it the traveling public will not be adequately informed of the business conducted in the building 150 feet away; but such an argument, generally applied, would quite undo the whole purpose in suppressing business and its restless distractions in beautiful rural areas.

The trial court gave an effect to the agreement which we do not give and assumed an authority on the part of the municipal corporation to contract for the exercise of legislative powers and of the court to control the municipality in the performance of its legislative functions which we do not concede. *Cf. McQuillin, Municipal Corporations (2nd ed., rev.), vol.* 3, § 1271, *p.* 1112; 63 *C. J. S.* 534, § 979 (c) ; *Hoboken Local No. 2, New Jersey State Patrolmen's Benevolent Ass'n. v. City of Hoboken,* 23 *N. J. Misc.* 334, 340 (*Sup. Ct.* 1945) ; affirmed on the opinion below, 134 *N. J. L.* 616 (*E. & A.* 1946) ; *Potter v. Metuchen,* 108 *N. J. L.* 447 (*Sup. Ct.* 1931). But whether the matter of the sign be approached by way of, or without, the agreement, the effect is the same; the claim

of a right to maintain it in the area concededly and lawfully zoned against business is without support. It is a business use, is a violation of the ordinance and is not provided for by the agreement.

The driveway presents a different question. Certainly, for whatever value foreknowledge may have, the agreements anticipated the erection of a business structure and the conduct of designated businesses therein and must have anticipated that there would be a practical means of ingress and egress; and the amending ordinance was adopted in the light of the conditions then shaped for realization. The driveway was constructed with permission from the State Highway Department, the public authority under whose administration the highway is, and the propriety of the driveway from an operational standpoint must therefore be conceded. That permission was prefaced by a letter from the township manager advising that the township was agreeable to the location of the driveway. A driveway in itself is neutral. It is neither business nor otherwise. It takes color from the uses permitted by the zoning ordinance of the lands in the area. The land between the building and the state highway was classified by the zoning ordinance as a B zone, which permitted the erection of two-family houses, with the exception of a small portion immediately adjacent to the highway which was zoned as a Class A residence zone. Thus it would have been consistent with the ordinance for plaintiff to develop the intervening tract with houses and in connection therewith to build such a driveway. It seems clear therefore that the existence of a driveway in that location is not inevitably to be condemned as a violation of the ordinance. We reach the conclusion that under the circumstances of the case and particularly in view of the events immediately preceding, concomitant with and directly following the consideration and adoption of the ordinance, and so connected therewith as to be chapters in the same panorama of municipal incidents, the reasonable and consistent interpretation of the ordinance and its several parts negates the charge that the construction and use of the drive-

way, strictly as a means of ingress and egress, without sign or advertising matter, are a violation.

It is said on behalf of the township that the driveway as constructed, in leading to the state highway from the plaintiffs' lands, passes over an intervening dedicated street called Hancock Avenue. Hancock Avenue has no real existence; it is said to be a "paper" street, that is, "laid out on the map." The proofs are very hazy to that end. Our study of them leads to the conclusion that what was once indicated on the maps in suggestion of a street has, in this vicinity, been obliterated by the lines of the state highway and the ramp leading thereto and therefrom.

Our answer to the posed questions is that the erection and maintenance of the sign violate, and the construction and use of the driveway merely as a means of ingress and egress do not violate, the zoning ordinance.

■ Appellants now charge respondents with *laches;* but *laches* was not pleaded, was not among the issues stated in the pretrial order and does not appear to have been raised at the trial. The court will not now hear the appellants on a new and different theory or issue than that on which the cause was tried. *State, ex rel. Wm. Eckelmann, Inc., v. Jones,* 4 *N. J.* 207, 214 (1950). Estoppel by conduct against the township was stated by the pretrial order as an issue for trial; but we find negatively as to it.

So much of paragraph (1) of the judgment under review as restrains and enjoins the prosecution of the existing summonses and complaints charging a violation by reason of the driveway is affirmed; and the remaining portions of paragraph (1) and all of paragraphs (2) and (3) are reversed. We are in accord with the finding that there is nothing in the alleged existence of Hancock Avenue that is pertinent to present issues and have so indicated; but we discover no necessity for an injunction to enforce that finding.

The result is that the judgment below is to be modified to conform to our findings, and, as so modified, affirmed. Costs are not allowed.

*For modification*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*Opposed*—None.