14 N.J. Super. 537 (1951)
82 A.2d 493
V.F. ZAHODIAKIN ENGINEERING CORPORATION, PLAINTIFF,
v.
ZONING ORDINANCE BOARD OF ADJUSTMENT OF THE CITY OF SUMMIT AND THE CITY OF SUMMIT, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided July 5, 1951.
*538 Messrs. Stein, Stein & Hughes (Mr. Richard Stein, appearing), attorneys for plaintiff.
Mr. Peter C. Triolo (Mr. Fred A. Lorentz, appearing), attorney for defendants.
COLIE, J.S.C.
This action in lieu of prerogative writ is to review the denial by the Zoning Ordinance Board of Adjustment of the City of Summit of a continuance of a variance theretofore granted to the plaintiff. The complaint seeks reversal of the denial; that the variance be continued without unlawful conditions or restrictions and that the restraint upon alienation of the property imposed upon the plaintiff be exscinded. The City of Summit was by order of the court allowed to intervene as a defendant, and it and the zoning ordinance board of adjustment filed answers which answers denied that the action was arbitrary or capricious, and set up by way of separate defenses that the variance originally granted was illegal and void; that the plaintiff had ceased to use the premises for the purposes granted by *539 the variance and abandoned the use; that the plaintiff failed to submit written reports in accordance with the terms upon which the variance was granted; that the plaintiff was estopped from questioning the validity of the conditions imposed upon the granting of the variance and that the plaintiff was guilty of laches. By way of counterclaim, the defendants seek a judgment of the court that the conditions set forth in the resolutions of the board of adjustment and the common council are illegal and void and that the court order the plaintiff to desist from using the premises in accordance with the variance theretofore granted.
The plaintiff corporation is the owner of a piece of property comprising between 15 and 17 acres, located at the southwest corner of Morris Turnpike and River Road in the City of Summit, and on the west is bounded by the Passaic River. At the time when the plaintiff purchased the property, it was located in the "A" Single Family District. In 1942 plaintiff applied for a variance to use part of the premises for research and industrial work, largely in connection with the war effort. A hearing on the application was held and the zoning ordinance board of adjustment recommended to the common council the granting of a variance so as to permit the use of a part of the plaintiff's property for light industry, and about a week later the common council adopted a resolution approving the recommendation. A day later, the resolution granting the variance was amended with reference to filing a certain deed with the city clerk and providing for certain landscaping.
In accordance with the variance, the plaintiff erected a two-story brick building for laboratory, industrial and manufacturing purposes and also, after obtaining a permit, constructed another building on the property providing facilities for employees. In the building so erected the plaintiff has continuously carried on research and, until the termination of hostilities with Japan, carried on manufacturing. At one time the employees numbered approximately 200, but at the time of the hearing before this court there were but three to *540 five employees. When the original variance was allowed in 1942, the resolution provided certain conditions, among which the resolution provided that:
"In the event of the bankruptcy or judicial determination of insolvency of the grantee, or the sale or transfer of the premises to any person other than the present stockholders of the grantee, their personal representatives * * * or in the event that use of the premises for the laboratory and business activities of the grantee as described above or such future laboratory and business activities as may be necessarily incidental thereto is discontinued, the right to use the premises for the nonresidential purposes set forth in this paragraph shall terminate; provided, however, that such use may be continued thereafter to the extent, in the manner and for the period authorized by the Summit Zoning Ordinance Board of Adjustment in its discretion, reasonably exercised, and may be continued without such authorization if the premises are at that time situated in a district designated by the Local Zoning Ordinance as a business or industrial district; upon the condition that the said Corporation or the occupant of the premises as the case may be, shall submit to the Zoning Ordinance Board of Adjustment a written report once every two years beginning on the first day of August, 1944, describing the nature of its business and industrial operations on said premises, and certifying to said Board that the foregoing restrictions and limitations are being adhered to * * *."
There were other conditions which it is not necessary to set forth. Prior to trial, Kellex Corporation, a party plaintiff, dropped out.
Contracts with reference to the granting of a variance from a zoning ordinance are frowned upon. In Bassett on Zoning, page 184, it is said that contracts have no place in a zoning plan and that zoning is to be accomplished only by the exercise of the police power, and the author of that treatise points out that to permit the entering into of agreements between a municipality and a landowner is unnecessary and wrong, and points out that the function which the municipal body is performing is legislative and that the municipality may not legally bargain for the enactment of legislation. In Lynch v. Hillsdale, 136 N.J.L. 129 (Sup. Ct. 1947), affirmed 137 N.J.L. 280 (E. & A. 1948), in dealing with a case where an ordinance provided for a temporary nonconforming use, *541 the ordinance was held to be invalid, the court saying: "* * * for, whatever the duration of the variance, whether definite or indefinite, it must perforce be grounded in the considerations to be served by zoning. A use which is not the proper subject of a variance lasting and inviolable in character is not permissible for a limited period. If it were, zoning would become a dead letter." More recently, a variation of the effect of an agreement upon a zoning ordinance was considered in Beckmann v. Township of Teaneck, 6 N.J. 530 (1951). In the course of that opinion Justice Case inferentially disapproved of the practice of a municipal corporation contracting for the exercise of legislative powers. He said: "The trial court gave an effect to the agreement which we do not give and assumed an authority on the part of the municipal corporation to contract for the exercise of legislative powers and of the court to control the municipality in the performance of its legislative functions which we do not concede." Citing cases.
The plaintiff claims a vested interest of which it cannot be deprived by a refusal to continue the variance, and it also argues that relying upon the variance, the plaintiff has expended considerable sums of money and cannot be put back into the position which it occupied prior to the erection of the laboratory and the other changes which it made. In Lynch v. Hillsdale, supra, the court said: "We find no merit in the point that the landowner `has changed its position substantially as a result of the action of the municipality,' and therefore `it would be unjust to overrule the action of the governing body at this time.' The elements of estoppel are not present. The municipal action taken by the governing body was coram non judice, and, quite apart from the other considerations, the beneficiary may not, by a fairly prompt expenditure of money, put such action forever beyond challenge. The public has an interest in zoning which cannot thus be set at naught." This court is of the opinion that the granting of the variance in 1942 upon the imposition of conditions was an ultra vires act upon the part of the municipality *542 and consequently that the resolution permitting the erection of the laboratory was illegal and void.
Because of the fact that the court has decided this matter on a legal question, it was unnecessary for the court to inspect the property as was suggested at the conclusion of the hearing, nor in view of the ground upon which the court bases its decision, does it become necessary to discuss the physical surroundings of the property or the fact that the area north of Morris Avenue and in the Township of Millburn is zoned for commercial use or that a commercial use is being carried on just to the west of the property in question and in the Borough of Chatham.
Judgment is entered for defendants, without prejudice to the plaintiff applying to the appropriate body for a variance under the 1948 amendment of the zoning statute.