109 N.J. Super. 194 (1970)
262 A.2d 890
JACK ANGEL AND MAXINE ANGEL, HIS WIFE, TRADING AS ANGEL VALLEY MOBILE HOME COURT, PLAINTIFFS-APPELLANTS,
v.
BOARD OF ADJUSTMENT OF THE TOWNSHIP OF FRANKLIN, WARREN COUNTY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1970.
Decided March 11, 1970.
*195 Before Judges GOLDMANN, LEWIS and MATTHEWS.
Mr. Leonard Adler argued the cause for appellants.
Mr. Robert L. Schumann argued the cause for respondent.
The opinion of the court was delivered by LEWIS, J.A.D.
Plaintiffs Jack and Maxine Angel appeal from a summary judgment in favor of defendant Board of Adjustment of the Township of Franklin. The Law Division upheld the board in refusing to approve the construction of, or recommend a use variance for, a driveway designed to aid ingress and egress to a nonconforming mobile home park.
It appears from the record that in 1964 plaintiffs purchased lot 16 in block 17, shown on the township tax map *196 as containing 6.25 acres, located on the southerly side of State Highway 24. The lot has highway frontage of approximately 119 feet and is used as a trailer park, a use prohibited by the township zoning ordinance; the park, however, is in lawful operation as a pre-existing, nonconforming use. In 1967 there was but one driveway serving the premises which accommodated approximately 50 mobile homes. Concerned about the safety hazards, not only to the residents of the park, but to other motorists using Route 24, the State Highway Department requested that the driveway be widened. The enlargement thereof would have involved the removal of a tree and the relocation of a utility pole.
Plaintiffs, however, desirous of constructing a second driveway, thereby permitting one for ingress and the other for egress, purchased lots 18 (approximately 33' x 167') and 19 (64' x 300', the rear thereof abutting a portion of lot 16), in block 17, located in a commercial zone which does not permit mobile home parks. On July 31, 1967 the township committee, at a meeting attended by Jack Angel, considered the proposed driveway. The committee expressed its concern for the purposes of the zoning plan "to reduce the number and closeness of access points along the highway right-of-way" and indicated an awareness that the probable heavy use of a new access driveway would severely inconvenience, and be a detriment to, the home owner of lot 20. A unanimous resolution, disapproving plaintiffs' proposal, was thereupon adopted.
Notwithstanding that decision by the township, plaintiffs obtained an access permit from the New Jersey State Highway Department for the contemplated new driveway. The permit, however, contained a condition that it was "subject to all local municipal ordinances, rules and regulations." When plaintiffs disregarded the municipal action and constructed the disapproved driveway, they were advised by the building inspector that it violated the township zoning ordinance.
*197 The matter was then presented to the board of adjustment which, after three public hearings, found that the driveway was a structure and constituted an accessorial use serving a nonconforming use, and that its existence and use contravened the zoning ordinance. In the board's view, the preferable solution was to widen the original driveway or construct another one, all on lot 16. Accordingly, a use variance recommendation was denied. The board resolved that the requested variance could not be granted "without substantial detriment to the public good" and that it would "substantially impair the intent and purpose of the zone plan and zoning ordinance."
Plaintiffs contend here, as they did before the trial court, that the new driveway is neither a "structure" nor an "accessory use"; intensificaton of the nonconforming use should be permitted in the instant circumstances and, in any event, a use variance is an unnecessary prerequisite.
In Place v. Bd. of Adjust. of Saddle River, 42 N.J. 324, 328 (1964), our Supreme Court held that the word "structure" includes a fallout shelter. In that case "structure" was broadly defined "as any production or piece of work artificially built up or composed of parts and joined together in some definite manner." (at 329) Accord, Black's Law Dictionary (4th ed. 1951) 1592. Other decisions consonant with that definition include Moore v. Bridgewater Tp., 69 N.J. Super. 1, 22 (App. Div. 1961) (a zoning case that involved a stone crusher and electrical power equipment); Duke v. Tracy, 105 N.J. Super. 442, 446 (Ch. Div. 1969) (public walk requiring paving of some sort held to be a structure); City of Rock Island v. Industrial Commission, 287 Ill. 76, 122 N.E. 82, 83 (Sup. Ct. 1919) (an asphalt street deemed a structure within Workmen's Compensation Act). We hold that the instant driveway is a structural appurtenance attached to land.
It is urged by plaintiffs that since lots 18 and 19 are zoned commercially, and since it is reasonable to assume that driveways may be an integral part of commercially *198 zoned property, the one in question is inherently a permitted use. Two cases pertinent to the issue of whether plaintiffs' second driveway is an illegal expansion of a disfavored nonconforming use, or a permissible use of commercially zoned land, are Beckmann v. Teaneck Tp., 6 N.J. 530 (1951) and Wolf v. Zoning Bd. of Adjust. of Park Ridge, 79 N.J. Super. 546 (App. Div. 1963).
In Beckmann the municipality permitted the construction of a business building 150 feet away from Route 4. The court determined that a driveway for purpose of ingress and egress over an intervening residential area was a permissible use essential to the commercial property. Originally a street had been planned which would have served the business enterprise, but the "paper street" had been obliterated by the eventual positioning of the state highway. Moreover, the building construction permit, certificate of occupancy and written memorandum from the township manager were reflective of knowledge of, and acquiescence in, the need for a means of ingress and egress. Noting that a driveway "in itself is neutral," the court declared in substance that a concatenation of the municipal incidents generated the conclusion that the driveway was a practical necessity. 6 N.J., at 536.
The present controversy is factually distinguishable. Here, the mobile home park is not landlocked nor is there an urgent necessity for the construction of the second driveway on lands apart from the nonconforming use premises. The expansion of that use on other lands was a viable alternative.
The rationale enunciated in Wolf is more appropriate to the facts before us. In that case a preexisting restaurant was located on a parcel of land zoned residential. The owner sought to pave a substantial portion of the land to the rear of the restaurant building contending that such lands consituted regular parking grounds. The extension of the nonconforming use onto the previously virgin portion of the lot was challenged as an illegal enlargement of a nonconforming use. This court declared:
*199 * * * The predominant viewpoint * * * supports the position that land used as a means of access to, or for the parking of vehicles of patrons, of a business, is in a use accessorial to the business and thus is itself in legal contemplation being used for the business purpose in question. Such use therefore contravenes a zoning ordinance which restricts the parking or access land to residential uses. [79 N.J. Super., at 550-551; emphasis added]
The proprietor was precluded from expanding onto a previously unused portion of his lot. See also Martin v. Cestone, 33 N.J. Super. 267, 270-271 (App. Div. 1954). This viewpoint is in accord with the majority of jurisdictions. See, e.g., 3 Yokley, Zoning, § 28-21.1, p. 43 (Supp. 1969); City of Providence v. First National Stores, Inc., 100 R.I. 14, 210 A.2d 656 (R.I. Sup. Ct. 1965); 8A McQuillin, Municipal Corporations (3d ed. 1965), § 25.206, at 69; Annotation, 87 A.L.R.2d 4, 31 (1963).
We are unpersuaded that plaintiffs should, in contravention of the zoning ordinance, be permitted to expand the use of their trailer park by an accessorial means across their newly acquired lots. Indeed, the construction of the driveway was a unilateral act in disregard of the township's resolution, and it should not be approved.
Finally, we are convinced from a review of the record that the board of adjustment did not act arbitrarily, capriciously or unreasonably when it denied plaintiffs' request to recommend a use variance. Kramer v. Bd. of Adjust., Sea Girt, 45 N.J. 268, 296-297 (1965); Hilton Acres v. Klein, 35 N.J. 570, 581 (1961).
Judgment affirmed.
MATTHEWS, J.A.D. (concurring).
In view of the fact that plaintiffs' purchase of additional lands was for the purpose of establishing the driveway involved here, I find this case to be distinguishable from the holding in Beckmann v. Teaneck Tp., 6 N.J. 530 (1951). Accordingly, I concur in the affirmance of the judgment below.