[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Wesport Planning and Zoning Commission granting an application for site plan approval for permission to construct a driveway from a Corporate Park District, a commercial zone, to a residential zone, the property in question which encompasses both zones, being owned by 300 Post Road West Associates (herein after being known as PRWA). The appellants are Janet K. Bernhard, and Janet K. Bernhard, Arnold CT Page 10850 Van Haven Bernhard and Jean Bernhard Buttner, Trustees, and Karl D. Landgraf and Christine H. Landgraf, all of Westport Connecticut.
Aggrievement has been found. The appellants own properties located in a residential AA Zone, all of which abut the property of the applicant, PRWA.
The appellants complaint alleges that in granting its approval the defendant commission acted illegally, arbitrarily and in abuse of its discretion in that:
1. The Commission violated its own regulations in that said regulations do not permit the use of land in the commercial Corporate Park to access residentially zoned property.
2. Said approval was granted without the requirements of a subdivision or re-subdivision application of the residential portion of PRWA's property.
3. The approval violates the regulations because it permits a use within the required setback line in the Corporate Park District.
4. The approval did not comply with the landscaping, screening and buffer area provisions of the commission's regulations.
The property owned by PRWA consists of approximately 6.7 acres, approximately two acres of which is zoned Corporate Park District (CPD), a commercial zone, and abuts on the Post Road in Westport. The balance of approximately five acres, zoned residence AA, is contiguous to and immediately to the rear of the two acre CPD district, and does not abut or directly access the Post Road.
Some background information is needed to clarify the precise issue before the court in this appeal.
An original site plan proposing the construction of a 19,995 square foot office building on the CPD area (2 acres) was approved by the commission on December 19, 1988. This site plan contained an access driveway from the Post Road to the proposed office building and parking area, which driveway did not extend to the residence AA zone. Before the court now is the application for modification of the prior approved site plan to extend the 24 foot driveway a distance of 35 feet to the line of the residential portion of the property. This application for modification was approved by the commission on April 8, 1991, with conditions, and is now on appeal before this court. None of the enumerated conditions appear to have any bearing on the issue before the court. CT Page 10851
 I
The appellants first allege that the Commission regulations do not permit the use of land in the CP district to access residentially zoned property and therefore the approval violates the commission's own regulations. This allegation is based on the claim that such approval permits a commercial use in a residential zone in violation of both the Connecticut General Statutes and the zoning regulations of the Town of Westport. The defendant's application proposes a modification of the original approval for 19,995 square feet of office space on CPD portion of site. The proposed modification requests a modification to provide for a 24 foot driveway access to the rear of the site. The Commission by resolution, dated April 8, 1991 approved the construction of the driveway from the commercial zone to the residential zone (emphasis supplied). While it is true that the legal notice of the decision stated that the commission approved the constriction of the driveway from the commercial zone into the residential zone (emphasis supplied), such only indicates that the commission might be a little more careful in the examining the accuracy of its notice of decision. Actually, the defendant argues that the proposed driveway is not even a use, but whether it is labeled a use or not, the fact remains that the proposal contemplates a "use" only in the CPD commercial district. If it were to be considered a use attached to a residential (AA) zone, such uses are permitted in a commercial zone. Even the appellants, at page 11 of their brief, admit that there is no difference between permitted uses in both a residence AA district and CPD district except that "(s)ingle-tenant corporate office headquarters" are permitted by special permit in a CPD district. The modification does not propose a single-tenant corporate office headquarters, only a 24 foot wide extension to the AA residence zone.
As authority for its position the appellants cite the cases of Park Construction Company v. Planning and Zoning of Appeals,142 Conn. 30 and Gordon v. Zoning Board, 145 Conn. 597. In the court's view these cases are inapposite. Both the Park Construction and Gordon cases (supra) involved applications for approval of accessways over residential properties into commercially zoned properties, (a use over a higher ranked zone into a lower one). The present proposal contemplates an access driveway over a commercial zone to a residential zone, which the appellants concede is permitted by the regulations, if in fact, this case might be considered as a residential use in a commercial (regulations 27-2) zone. As a matter of fact, it was the opinion of a Mr. Minor, planning director that this application was not even required (record 13, minutes of meeting, April 8, 1991). CT Page 10852
 II
The appellant's next allegation is that the approval was granted without the requirements of a subdivision or resubdivision application of the residential portion of PRWA property. The appellant's brief adds nothing to support this allegation other than the arguments advanced under part I.
While the allegation states that there was no commitment or stated purpose on the part of the applicant as to the proposed use of said driveway, the application expressly stated that the proposed use was the same, except, for the modification involving the driveway.
 III
Finally, the appellants alleged that the approval of the site plan violates the regulations (1) because it permits a use within the side and rear setback lines in violation of the required setbacks in the CPD district (2) because it does not comply with the landscaping, screening and buffer area provisions of the Commission's regulations.
These allegations refer to statute 27-4 of the regulations which provide;
"No principle or accessory building, structure or use shall extend closer than thirty (30) feet from any front lot line or Residential District Boundary line or twenty-five (25) feet from any other side or rear lot line."
And, section 27-12 which provides;
"Landscaping, screening and buffer areas shall be provided in accordance with Section 35 of the Supplementary Regulations".
It would serve no useful purpose to enumerate the various provisions of Section 35 except to note that Section 35-2 4.1 provides that;
"A buffer strip shall be required along and within all Non-Residential District boundaries immediately adjacent to , Residential District ___."
The defendant takes the position that a driveway creating a means of egress and ingress is not a use at all. The court has been unable to find anything in the regulations which designates such a driveway as a use. Are the appellants contending that a driveway ingressing and egressing a structured parcel of CT Page 10853 property is in violation of setback regulations? If so, the court finds it difficult, if not impossible, to envision any structured parcel of property with a driveway not to be in violation of setback regulations. To counter the defendant's contention that without this driveway, there would be no access to the defendants AA zoned parcel, the appellants, in their brief, cite the Park Construction case, supra, at page 37 as authority for the proposition that access to a public street is not a relevant argument. Again, it must be pointed out that in the Park Construction case supra, the court was dealing with an applicant's proposal seeking access over a parcel of property wholly within a residential zone owned by others, not by the applicant, and, indispensable to the commercial use of the applicant's property. Here the applicant at best, is applying for a residential use in a commercial zoned parcel, not prohibited by the regulations.
There are cases supporting the defendant's position. In the case of State v. Gruber, 10 So.2d 899, although presenting other issues, it was found that the use of the driveway over a residential district into a commercial district both owned by the same entity, could not be considered a use of the residential district for a commercial purpose, that of conducting a restaurant business, which was located in the contiguous district. In the instant case, it is proposed that the driveway be extended only to the residence zone, not into or over the residence zone.
In the case of Beckmann v. Teaneck TP, 6 N.J. 530, 79 A.2d 301, it was found that a driveway in itself is neutral. It is neither business nor otherwise, in at page 304. The Beckmann case presented a physical situation somewhat similar to our case except that the applicant owned property fronting on a public street in which the front parcel abutting a public highway was zoned residential while the rear portions some 150 feet from the highway was zoned for business. The township had claimed that maintaining a driveway over a residential zone for business purposes was a violation of a local zoning ordinance which had divided the owner's property into the two aforementioned zones. The Town's claim, as above noted, was rejected by the court.
The case of Faukner v. City of Keene, 85 N.H. 147, 155 A. 195, is similar. In that case, with respect to the applicants property, the zoning ordinance restricted the first twenty-five (25) feet of the premises adjacent to the street to residential uses, the next one hundred (100) feet to business and the balance to industry. Without going into superfluous details, the court found that "using a 25 foot strip for ingress and egress to the business and industrial portions of the property was reasonable". It should be noted that in all three of these cases, CT Page 10854 the property which was divided into different zones was held in one ownership, which was not the case in Park Construction Co. v. Planning and Zoning Board of Appeals, supra.
Finally, the appellants contend that landscaping, screening and buffer provisions of the regulations are being violated. As is pointed out in the defendant's brief, the original site plan approved in December 1988 did include the required buffer strip, and the presently proposed plan to modify does not eliminate this buffer strip. The court cannot view the proposal to extend the 24 foot driveway to the residential portion of the applicant's own property as a violation of the buffer requirements.
Whether, as the defendant contends, the commission has consistently interpreted the zoning regulations to conclude that access driveways are not considered "uses", is not before the court, since further evidence on this issue was denied. The court does have before it the statement made by the planning director, Mr. Minor, at the meeting of April 8, 1991, "that the application is not even required, but the applicant insisted on it for the neighbor's benefit." Whether such statement has any connection with the claimed commission's consistent interpretation of the regulations, the court is only left to speculate.
At any rate, subject to certain underlying principles, the solution of zoning questions has been left to local zoning authorities which are endowed with a wide and liberal discretion. Couch v. Zoning Commission, 141 Conn. 349, 359.
This discretion is allowed largely because the circumstances and conditions in zoning matters and regulations are peculiarly within the knowledge of the zoning authority. "Where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing, courts should be cautious about disturbing the decision of the local authority." Kutcher v. Town Planning Commission, 138 Conn. 705 710.
Thus, the decisions of zoning authorities are to be overruled only when it is found that they have not acted fairly, with proper motives and upon valid reasons. Krejpcio v. Zoning Board of Appeals, 152 Conn. 657. Willard v. Zoning Board of Appeals, 152 Conn. 249.
"Courts must not and legally cannot substitute their own discretion for the wide and liberal discretion enjoyed by zoning agencies ___ courts can grant relief only where the local authority has acted arbitrarily or illegally and has thus abused the discretion vested in it." Morningside Assoc. v. Planning CT Page 10855 Zoning Board, 162 Conn. 154, 163.
And, the burden is on the party opposing the zoning agency to prove that its action amounted to an illegal abuse of that discretion. Hall v. Planning and Zoning Board, 153 Conn. 574,577.
In addition, a zoning authority is by no means confined to a consideration of only such evidence as may be presented to it. It is entitled to take into consideration facts which may have been learned through personal observation. Demars v. Zoning Commission, 142 Conn. 580, 584.
The appeal is dismissed.
MILTON H. BELINKIE STATE TRIAL REFEREE