**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."  Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1981-20

LAKEWOOD REALTY
ASSOCIATES, LLC,

     Plaintiff-Appellant,

v.

ZONING BOARD OF
ADJUSTMENT OF THE
TOWNSHIP OF LAKEWOOD,
89B HOSPITALITY ASSOCIATES,
LLC, and KETAN MEHTA,

     Defendants-Respondents.

_____

Argued March 16, 2022 – Decided July 5, 2022

Before Judges Sumners and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-3212-19.

Ronald S. Gasiorowski argued the cause for appellant (Gasiorowski & Holobinko, attorneys; Ronald S. Gasiorowski, of counsel and on the brief; Alexis L. Gasiorowski, on the brief).

Jerry J. Dasti argued the cause for respondent Zoning Board of Adjustment of the Township of Lakewood (Dasti, Murphy, McGuckin, Ulaky, Koutsouris & Connors, attorneys; Jerry J. Dasti, of counsel and on the brief; Kelsey A. McGuckin-Anthony, on the brief).

PER CURIAM

Plaintiff Lakewood Realty Associates, LLC appeals a Law Division order affirming the decision of the Zoning Board of Adjustment of the Township of Lakewood (Board), granting defendants 89B Hospitality Associates, LLC (89B Hospitality) and Ketan Mehta preliminary and final major site plan approval and variance relief for the construction of a hotel on Lakewood Township property designated Lot 256.02 in Block 1160.01 (the property) located along State Highway Route 70. We affirm.

I.

In 2015, Ketan Mehta, applicant on behalf of 89B Hospitality, was granted a minor subdivision creating two equal lots of approximately 1.84 acres, each designated 256.01 and 256.02 on 3.67 acres of land in Lakewood owned by 89B Hospitality. The land was located in the B-5 (Business) Zone on the north side of State Highway Route 70 and just west of the intersection with the Garden State Parkway. Route 70 is a four-lane divided highway in this area—two lanes east and two lanes west—and located within a large 520-foot-wide right of way

2

owned by the State of New Jersey and administered by the New Jersey Department of Transportation (NJDOT).

Prior to the subdivision, a car wash with appurtenances was situated on lot 256.01 and it was proposed to remain after the requested subdivision. The car wash was accessible from Route 70 by a paved driveway easement (driveway access) across State-owned land from the paved road. Due to the "reduc[tion] of the lot size where the car wash w[ould] remain" to less than the required size of two acres, a "D" variance was granted in February 2016. This driveway access is depicted as twenty-five-feet wide, enlarging to a thirty-foot-wide by forty-foot-long "cross access" easement. In approving the minor subdivision with variances, the Board's findings of fact stated, "relief can be granted without substantial detriment to the public good. The benefits derived from the variance greatly outweigh any detriment as it will increase commercial development . . . and provide additional tax ratable."

Shortly thereafter, Mehta sought preliminary and final major site plan approval, variance, and design waivers for development of a ninety-seven-room hotel on the property. After approval was granted, plaintiff filed a Law Division complaint to vacate the Board's resolution, resulting in a consent order dismissing the complaint and permitting Mehta to reapply for the approvals

A-1981-20

granted by the Board. After Mehta reapplied to the Board, the Lakewood Township Council (Township) clarified its ordinance to permit construction of a hotel within the B-5 zone.

Plaintiff filed another Law Division complaint, this time challenging the validity of the ordinance. A settlement was reached requiring the Township to readopt the ordinance and the Board to clarify or articulate its reasons for approving the minor subdivision approval.

Mehta subsequently filed a new application with the Board for preliminary and final site plan approval for the hotel. After a public hearing, the application was approved by the Board on May 6, 2019, through resolution 3935A, in which it "affirm[ed] its previous approval of the use and bulk variance relief and minor subdivision approval pursuant to [r]esolution [n]o. 3935, finding that its approval included approving the intensification of the use of the car wash lot and included the variance for the [driveway access]."

Mehta then filed an application with the Board for preliminary and final major site plan approval to construct the ninety-seven-room hotel. The application did not seek a use variance, but requested variances related to the location of a sign within the right of way and a lot size because the property was only 1.84 acres, not the required two acres.

In compliance with Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-12, Mehta timely notified property owners within two hundred feet of the property of the public hearing on his application. In accordance with N.J.S.A. 40:55D-12(a), notice was published in the Asbury Park Press prior to the hearing, stating:

> PLEASE TAKE NOTICE that KETAN MEHTA, has applied to the Lakewood Township Zoning Board of Adjustment for preliminary and final major site plan approval for the construction of a 4 story hotel containing 97 rooms on property known as Block 1160.01, Lot 256.02 located on the north side of New Jersey State Highway 70, 400 feet east of Airport Road and situated in the B-5 Zoning District where hotels are a permitted use. Applicant is seeking a lot area variance as 2 acres is required and the property consists of 1.84 acres (The Zoning Board previously granted this variance under Appeal #3935. Applicant is additionally seeking a sign variance as signs are not permitted in the public right-of-way.
>
> Said application shall also include a request for any and all other variances and/or waivers that may be required by submission and discussion of the plan.
>
> The aforesaid has been scheduled for a hearing before the Lakewood Township Zoning Board of Adjustment, at the Municipal Building, 231 Third Street, Lakewood, New Jersey on Monday, September 9, 2019 at 7:00 p.m. or as soon thereafter as possible.
>
> The application, maps and supporting documents are on file in the Lakewood Township Zoning Board of Adjustment office in the municipal building and are

5

available for public inspection during normal business hours for a period of 10 days prior to the date of the hearing.

The Board approved Mehta's application as reflected in its November 18, 2019 resolution 3935B. Plaintiff filed a complaint seeking to vacate the Board's action for insufficient public notice, lack of Board jurisdiction, and lack of necessary variances. Judge Marlene Lynch Ford rejected plaintiff's arguments and entered an order dismissing his complaint. Plaintiff appealed that order.

## II.

Our standard of review of a zoning board's actions is well-settled. "When reviewing a trial [judge's] decision regarding the validity of a local board's determination, 'we are bound by the same standards as was the trial [judge].'" Jacoby v. Zoning Bd. of Adj. of Englewood Cliffs, 442 N.J. Super. 450, 462 (App. Div. 2015) (quoting Fallone Props., LLC v. Bethlehem Twp. Plan. Bd., 369 N.J. Super. 552, 562 (App. Div. 2004)). "We give deference to the actions and factual findings of local boards and may not disturb such findings unless they [are] arbitrary, capricious, or unreasonable." Ibid. Local zoning boards have "peculiar knowledge of local conditions" and must be afforded "wide latitude in the exercise of delegated discretion." Kramer v. Bd. of Adjustment, 45 N.J. 268, 296 (1965). We, however, review questions of law de novo.

6

Dunbar Homes, Inc. v. Zoning Bd. of Adj. of Franklin, 233 N.J. 546, 559 (2018). Zoning boards have "'no peculiar skill superior to the courts' regarding purely legal matters." Ibid. (quoting Chicalese v. Monroe Twp. Plan. Bd., 334 N.J. Super. 413, 419 (Law Div. 2000)).

Guided by these principles, we separately address and reject plaintiff's contentions on appeal.

A. Public Notice

Plaintiff contends the judge erred in upholding the Board's decision that Mehta provided proper public notice of his development plans. Plaintiff claims that because the only vehicular access to the hotel on Lot 256.02 is through driveway access located on the car wash situated on Lot 256.01, the notice should have mentioned Lot 256.01. Relying on Nuckel v. Borough of Little Ferry Planning Board, 208 N.J. 95 (2011), Brower Development Corp. v. Planning Board of Clinton, 255 N.J. Super. 262 (App. Div. 1992), and Angel v. Board of Adjustment, 109 N.J. Super. 194 (App. Div. 1970), plaintiff maintains the driveway access is an integral part of the development and should have been mentioned in the public notice.

In addition, plaintiff contends Mehta's notice was defective because he failed to apply and give notice for a waiver from the requirement of a

twenty-five-foot buffer along the property's perimeter. It asserts that compliance with the buffer requirement "becomes even more critical" when "[a] review of the [s]ite [p]lan shows that there is essentially no buffer area on any perimeter side of the proposed hotel property" with "the adjacent lots hav[ing] minimal or less than adequate buffers, with parking on those lots being less than [ten] feet from the boundary with the hotel lot."

Plaintiff concludes that the notice was defective; therefore, the Board lacked jurisdiction to approve Mehta's application. Thus, the approval was invalid, and the matter should be remanded so that Mehta can comply with the public notice requirements.

Proper notice requires, among other things, that notices of applications before a zoning board

> shall state the date, time and place of the hearing, the nature of the matters to be considered and, in the case of notices pursuant to subsection 7.1 of this act, an identification of the property proposed for development by street address, . . . and the location and times at which any maps and documents for which approval is sought are available . . . .
>
> [N.J.S.A. 40:55D-11.]

The purpose for this requirement

> is to ensure that members of the general public who may be affected by the nature and character of the

proposed development are fairly apprised thereof so that they may make an informed determination as to whether they should participate in the hearing or, at the least, look more closely at the plans and other documents on file.

[Perlmart of Lacey, Inc. v. Lacey Twp. Planning Bd., 295 N.J. Super. 234, 237-238 (App. Div. 1996).]

The notice provided by Mehta fully satisfied the requirements of N.J.S.A. 40:55D-11, thereby not depriving the Board of jurisdiction over Mehta's application and nullifying its action. The notice stated, "the date, time and place of the hearing" (October 28, 2019 at 7:00p.m.); "the nature of the matters to be considered" ("preliminary and final major site plan approval for the construction of a [four-]story hotel" with ninety-seven room); the "identification of the property proposed for development by street address" ("Block 1160.01, Lot 256.02, located on the north side of New Jersey State Highway 70, [four hundred] feet east of Airport Road and . . . in the B-5 Zoning District"); "and the location and times at which any maps and documents for which approval is sought are available" (filed in the Board's office and "available for public inspection during normal business hours"). Thus, Judge Ford was correct in finding that Mehta's notice was proper.

The case law cited by plaintiff is inapposite to the current situation. In Nuckel, the defendant proposed to build a hotel on a lot and provide access to

the hotel by constructing a driveway which would encroach on a corner of an adjacent lot that was owned by the same principals who proposed the construction of the hotel. 208 N.J. at 97. The Court did not distinguish between the entities who owned each lot and who would be performing the construction when it held that a (d)(1) variance was required to build the driveway which would provide access to the hotel. Id. at 105-06. The Court determined that based on the local zoning ordinance's definition of accessory use, "the nature of the driveway" "must be a new principal use" and because "the . . . ordinance permits only one principal use, the addition of an entirely new principal use is prohibited and, by its very nature, cannot be inconsequential." Id. at 105.

In Brower, the applicant asked to build a secondary access road as part of its proposed development of over 200 condominiums. 255 N.J. at 263-64. Because the construction of this entirely new roadway was a major part of the applicant's project, the court held that the roadway should also be deemed "part of the property that [is] the subject of the . . . hearing" under N.J.S.A. 40:55D-12(b). Id. at 270.

In Angel, the plaintiffs purchased a lot containing a trailer park—which operated as a pre-existing, nonconforming use—and then purchased two additional lots adjacent to the trailer park. 109 N.J. Super. at 195-96. They

applied for and were denied permission to build driveways permitting ingress and egress from the park on these two adjacent lots. Id. at 196. When the plaintiffs constructed the driveway, notwithstanding the denial, the building inspector found them in violation of the zoning ordinances. Ibid. We found that the driveway, since it was a means of access to the trailer park, was an expansion of the pre-existing nonconforming use and required a variance. Id. at 198-99.

Unlike the applicants in Nuckel, Angel, and Brower, Mehta was not proposing to build, expand, or revise driveway access to his proposed hotel because it had already been built. As the trial judge correctly noted, a variance was not required for this means of access since "the property does not front on a public roadway, and the [only] means of access by the common driveway [on Lot 256.01] was the subject of a previous approval." Lot 256.01 did not have to be included in the notice as it was not part of the proposed development. N.J.S.A. 40:55D-11 only requires that "the property proposed for development" be included in the public notice.

Further, in Brower, the applicant, unlike Mehta, failed to give notice to property owners within two hundred feet of the property. 255 N.J. Super. at 266-267. Here, the judge recognized it was uncontested that all property owners within two hundred feet of Lot 256.01 and 256.02 were notified of the

11

application. And in <u>Angel</u>, the issue before the court did not involve an alleged defective notice regarding access to the applicant's property as plaintiff contends here. 109 N.J. at 195.

B. <u>Landscape Buffer</u>

Plaintiff contends that Mehta's notice needed to state that a waiver would be sought for a landscape buffer. It relies upon Article VIII of the Township of Lakewood Unified Development Ordinance (UDO) § 18-803(E)(2), which provides,

> Buffering shall be required when topographical or other barriers do not provide reasonable screening and when the Board determines that there is a need to shield the site from adjacent properties and to minimize adverse impacts such as incompatible land uses, noise, glaring light, and traffic. In small lot developments, when building design and siting do not provide privacy, the Board may require landscaping, fences or walls to ensure privacy.

Section 2(a) states, in part, "[e]xcept as otherwise stated in this chapter, non-residential development shall provide a minimum 25 foot wide buffer area as measured from the property line toward the proposed use." Section 3(b) provides the design of "[t]he required buffer area shall be suitably graded and planted or attractively surfaced, and shall contain within such width massed

A-1981-20

evergreen plantings that shall produce a screen of at least six feet in height so as to continually restrict a view beyond the buffer strip."

Mehta's public notice was not deficient for not providing notice regarding a need for a waiver. It stated the application "shall also include a request for any and all variances and/or waivers that may be required by submission and discussion of the plan." (Emphasis added). Judge Ford correctly held that

> an applicant is not required to [provide] notice for minor design waivers which are as a result of the review by the Board's professionals. The court finds that the notice is not deemed defective for failure to specify a deviation from this design waiver. This court further finds that the Board has discretion to require a buffer, or to waive the buffer. In this case, being familiar with the commercial nature of the property, the consistency of surrounding commercial properties, and within the reasonable exercise of its discretion the Board did not impose a buffer requirement.

The "Zoning and Waivers" section of the Board engineer's report noted the following:

> Perimeter buffer relief from UDO [s]ubsection 18-803[(E)][(2)] is necessary (minimum [twenty-five-] foot buffer required for non-residential development). We note that existing developed properties [namely Lot 256.01] have existing paved accesses and parking less than [ten] feet from the adjoining property lines, with no significant buffering. The Board shall take action on the requested (design waiver) buffer relief.

Based on the engineer's report, the Board exercised its discretion by waiving the twenty-five-foot buffer requirement. A plain reading of UDO subsection 18-803(E)(2) grants the Board discretion to waive the buffer requirement when it determines "there is a need to shield the site from adjacent properties and to minimize adverse impacts such as incompatible land uses, noise, glaring light, and traffic." There is nothing in the record demonstrating the Board exceeded its authority or made an arbitrary, capricious, or unreasonable determination when granting Mehta's waiver request and following the engineer's report.

C. Hotel Fronting Street

Plaintiff argues that the judge's order should be vacated and the matter remanded to the Board because Mehta failed to obtain a variance allowing the hotel not to be fronted on a public street pursuant to N.J.S.A. 40:55D-35 and -36. Citing N.J.S.A. 40:55D-35, plaintiff maintains that a proposed building on a lot that abuts a street but relies solely on a cross-easement over an adjacent parcel for direct access to and from the street is prohibited unless relief is obtained under N.J.S.A. 40:55D-36. Plaintiff asserts the record demonstrates that "[Mehta's] proofs and the Board['s] review during [its] extremely abbreviated [s]ite [p]lan proceeding failed to address or consider [the statutory] requirements

at all."  Citing Kligman v. Lautman, 53 N.J. 517 (1969) and Allen v. Hopewell Township Zoning Board, 227 N.J. Super. 574, 580-581 (App. Div. 1988), plaintiff argues that a proposed building that has access "only by a cross-easement over an adjacent parcel[] would appear by the terms of the statute to be prohibited without applying and obtaining the relief required under N.J.S.A. 40:55D-36."  Plaintiff further emphasizes the judge simply dismissed its arguments without making any factual findings or conclusions of law regarding the Board's apparent failure "to review the [a]pplication [and require Mehta] to apply for all necessary permits required under the laws of this State."  We are unpersuaded by plaintiff's arguments.

Under N.J.S.A. 40:55D-35, "[n]o permit for the erection of any building or structure shall be issued unless the lot abuts a street giving access to such proposed building or structure."  However, N.J.S.A. 40:55D-36 states:

> Where the enforcement of . . . [N.J.S.A.] []40:55D-35[] would entail practical difficulty or unnecessary hardship, or where the circumstances of the case do not require the building or structure to be related to a street, the board of adjustment may upon application or appeal, vary the application of . . . [N.J.S.A.] []40:55D-35[] and direct the issuance of a permit subject to conditions that will provide adequate access for firefighting equipment, ambulances and other emergency vehicles necessary for the protection of health and safety . . . .

We discern no irregularity by Board's decision not to require Mehta to obtain a variance under N.J.S.A. 40:55D-36. We agree with Judge Ford's reasoning that even though the property does not front Route 70, a public roadway, no variance was required for the property's driveway access because "the means of access by the . . . driveway [access] was the subject of a previous approval." The judge pointed out that N.J.S.A. 40:55D-7 "provides multiple definitions of 'street,' one of which being: 'any street, avenue, boulevard, road, parkway, viaduct, drive or other way . . . which [was] approved by official action as provided by'" the MLUL. (Emphasis added). And as the judge noted, all properties in this area must go over "the wide [520 feet] [S]tate right of way."

Plaintiff's reliance upon Kligman and Allen is misplaced. In Kligman, our Supreme Court affirmed the denial of the plaintiffs' subdivision map due to a local ordinance providing that "no road, avenue, street or highway shall be accepted for dedication . . . which is within two hundred fifty . . . feet of an accepted or existing street." 53 N.J. at 529. The ordinance applied to the plaintiffs' proposal of a new private street, which would have been less than 250 feet compared to existing streets that met the 250-foot distance requirement. Id. at 540. In Allen, our court held that the zoning board did not fully consider the plaintiffs' offer to pay the fair market value for the property regarding the

hardship to the landowner if the variances requested by the plaintiffs were denied. 227 N.J. Super. at 592. Except for a footnote referencing N.J.S.A. 40:55D-35, we did not address the statute in any substantive fashion. Id. at 581 n.3. Thus, these two cases are factually dissimilar and bear no relevance to the situation before us: whether the Board has acted arbitrarily, capriciously, or unreasonably in granting the application.

In sum, we agree with Judge Ford that Mehta's notice "adequately explained the proposed development to be considered and the variances [a]pplicant sought," and "complied with the MLUL and case law."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1981-20